EDWARD DEIGHAN *vs.* E. TURGEON CONSTRUCTION CO., INC.

JUNE 27, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Frost, JJ.

FROST, J. This is an action of trespass on the case for negligence which was tried to a jury which returned a verdict for the defendant. The trial justice denied the plaintiff's motion for a new trial and the case is here on his exception to such denial and on exceptions taken during the trial.

In the summer of 1957, building 100, so called, one of the buildings of the Rhode Island College of Education, was being constructed in the town of North Providence. The defendant had the general contract but it did not include the electrical work for which Schmidt Electric Company had a separate contract with the State of Rhode Island.

The plaintiff was an employee of Schmidt Electric Company. He had worked on the building all day on September 12, and on the following day, shortly after starting work at eight o'clock, he was running an electric line along the top of the wall of the one-story building. The construction of the building was re-enforced concrete and crossbeams had been poured several days earlier. Forms had been constructed to hold the concrete and the metal reenforcements. The forms were supported by steel columns. On one end of each steel column was a crossbar so that the whole formed a letter T. The T-heads, so called, were made of stout timber and when placed under the concrete forms projected beyond the forms and at right angles to them. The T-heads or struts were fastened to the bottom of the forms and were spaced three to four feet from one T-head or strut to another.

The plaintiff testified he could not see that one of the supporting columns had been removed from under one of the T-heads. Apparently without the support of the perpendicular rod the T-bar or crossbar was not sufficiently

attached to anything above it to prevent it giving way under his weight. He stepped on one of the T-heads and immediately fell to the ground and received severe injuries.

The declaration contains four counts. The first count alleges that to do his work plaintiff was obliged to use the timbers described as struts; that defendant knew or by the exercise of due care should have known that he was using the struts as a means of access in the performance of such work; that it was the duty of defendant to use due care not to remove any of the metal jacks or supports underneath the struts which plaintiff was using since without them the struts were inadequate to support him; that defendant negligently removed one in such a manner that it remained in its usual position; that plaintiff's view was obstructed; and that when he stepped on the strut it gave way and he was thrown to the ground.

In the second count plaintiff alleges a failure to warn him that a metal jack had been removed thereby causing the strut on which he was standing to give way beneath the weight of his body. The third count alleges that defendant failed to remove the strut when it removed the jack beneath it. The fourth count alleges that when a certain jack was removed defendant failed to fasten the strut from which the metal jack was removed.

To the declaration defendant pleaded the general issue and a special plea setting up the fact that plaintiff had received benefits under the workmen's compensation act. To the special plea plaintiff filed an amended replication wherein he stated that he had agreed to reimburse his employer for all payments received from it under the workmen's compensation act.

The plaintiff contends that he was prejudiced by defendant's argument to the jury; that the trial justice erred in certain portions of his charge; that he erred in denying the motion for a new trial; and that plaintiff was also prejudiced by certain rulings. Viewing the case as we do it will

be necessary to consider only his exception numbered 27 to defendant's argument to the jury.

In his argument defendant's counsel stated: "So that as I said, the Schmidt Electric Company, although not a nominal party, is very much interested in this case, because the Schmidt Electric Company is trying—wants to avoid the responsibility to provide for Mr. Deighan. They want to get back what they paid him and they want to escape any future responsibility that they may be subjected to because of any future medical or hospitalization that Mr. Deighan might have to undergo as a result of these injuries, so as I say, you don't always know who has the interest in the case. Bear that in mind. This is not a case where Mr. Deighan is not being compensated. He has been on compensation, and under the Compensation Act, of course, in the future, he will still be entitled to it, unless you cut him off by finding against Turgeon, because then Schmidt's obligations will be terminated, and the responsibility will be transferred from Schmidt to Turgeon. So I think it is important that you understand what some of the important facts are behind a case of this nature."

We are of the opinion that this argument was highly improper. At its close plaintiff moved that the court instruct the jury to disregard all remarks made in defendant's argument with reference to Schmidt Electric Company. The court said that it would cover these matters in the charge and plaintiff's exception was noted. Considering as we do that defendant's argument was highly prejudicial, we are of the opinion that the court should have addressed the jury at once rather than wait until after the noon recess. Clearly the only question before the jury was whether plaintiff's injuries resulted from defendant's negligence as alleged in the declaration. Nothing that was said later by the trial justice tended to counteract what defendant had argued and to which plaintiff had objected.

It seems unnecessary to point out at this time that the question of compensation of a plaintiff through workmen's compensation has no place in a case brought by a plaintiff against an alleged negligent defendant. In 77 A.L.R. 2d, §3 (a), p. 1156, it is stated: "Generally, it has been held to constitute error, requiring a reversal or new trial, to bring to the jury's attention the fact that the plaintiff in a personal injury or death action is entitled to workmen's compensation benefits. The courts have reasoned that such information would tend to prejudice the jury and influence their verdict, either as to liability or damages, as such information is ordinarily immaterial and irrelevant."

In *Altenbaumer* v. *Lion Oil Co.*, 186 F.2d 35, which was a case brought by a widow and minor children for the death of the husband and father, the court said at page 36: "Despite appellee's vigorous contentions to the contrary, we are in no doubt that the matter of the insurance, which was continuously brought and kept before the jury in connection with the pleadings, the evidence, and the argument, had no legitimate place in the case, and that it was gravely prejudicial error to permit it to come in."

The plaintiff's exception numbered 27 is sustained, and the case is remitted to the superior court for a new trial.

*Decof, Abatuno & Brill, Leonard Decof,* for plaintiff.

*Higgins & Slattery, Eugene V. Higgins,* for defendant.