**208 A.2d 381.**

JOHN COLARUSSO *vs.* DOROTHY MILLS.

MINNIE D. COLARUSSO *vs.* DOROTHY MILLS.

MARCH 18, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. These are two actions of trespass on the case for negligence brought by a husband and wife. The wife seeks damages for personal injuries and the husband is suing for consequential damages. Since liability in both cases is dependent upon our decision in the wife's case we shall discuss only her case, but our decision will apply to both. The case is before us on the plaintiff's exception to the decision of the trial justice overruling her demurrer to the defendant's plea numbered I.

We shall refer to only such of the pleadings as are essential to the present inquiry. In her declaration plaintiff alleges that she received personal injuries as a result of the negligent operation by defendant of an automobile in which she was riding as a passenger.

The defendant pleaded specially alleging in substance that at the time of the accident plaintiff was acting in the scope of her employment by Dorothy Williams, Incorporated, a corporation and hereinafter referred to as "the corporation"; that the vehicle being operated by defendant although registered to her husband, William Mills, was owned by the corporation; that both William and Dorothy Mills were officers, agents, servants and employees of the corporation; and that at the time of the accident Dorothy Mills was acting within the scope of her employment.

The plea further alleges that plaintiff and her employer, the corporation, were subject to the workmen's compensation act; that plaintiff, not having expressly reserved her common-law rights, had waived the same; and that, there-

fore, no right or remedy as to such injury accrued to plaintiff either at common law or otherwise.

The first question is whether plaintiff may maintain suit against defendant tort-feasor notwithstanding her prior recovery of workmen's compensation benefits for the same injury.

The controlling statute is G. L. 1956, §28-35-58, as amended, which other than for the proviso is in substantially the same form as when first enacted by P. L. 1912, chap. 831, art. III, sec. 21. It reads as follows:

> "Where the injury for which compensation is payable under chapters 29 to 38, inclusive, of this title, was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may take proceedings, both against that person to recover damages and against any person liable to pay compensation under said chapters for such compensation, but shall not be entitled to receive both damages and compensation; and if the employee has been paid compensation under said chapters, the person by whom the compensation was paid shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and to the extent of such indemnity shall be subrogated to the rights of the employee to recover damages therefor; provided, however, that when money has been recovered either by judgment or by settlement by such employee from the person so liable to pay damages as aforesaid by suit or settlement, and the employee is required to reimburse the person by whom the compensation was paid, the employee or his attorney shall be entitled to withhold from the amount to be reimbursed that proportion of the costs, witness expenses, and other out-of-pocket expenses and attorney fees which the amount which the employee is required to reimburse the person by whom compensation was paid bears to the amount recovered from the third party."

Because the parties are in complete disagreement as to

the nature and effect of our previous holdings on the question before us, we re-examine in detail our earlier decisions. In *Mingo* v. *Rhode Island Co.*, 41 R. I. 423, the defendant pleaded specially in an action for negligence that Mingo had entered into an agreement with his employer under the compensation act and had received payments pursuant thereto. To Mingo's replication that he had contracted to reimburse his employer for the benefits received under the agreement between them out of any recovery in the pending suit, the defendant demurred and in reliance on the precursor to §28-35-58 claimed that Mingo's agreement with his employer for compensation benefits constituted an election of remedies which barred his suit for damages. The trial justice sustained the demurrer and the case came to this court on Mingo's exception to that ruling.

This court, with two justices dissenting, reversed on the ground that the receipt of compensation benefits does not bar a suit by an employee against a wrongdoer if the payments have been received under a bona fide agreement that they are to be returned upon recovery of damages from the wrongdoer.

The rationale of the majority was that the statutory prohibition against recovery of both damages and compensation did not bar an adjudication of the claims against both the employer and the wrongdoer. Under the statute, the court said at page 432: "The employer is given the right of indemnity against the negligent third person with the intention that the final payment for the damage suffered by the employee shall be made not by the employer but by the negligent third person who is responsible for the injury." The court refused to impute to the legislature an intention that a wrongdoer should be allowed to escape full responsibility for the consequences of his actions because of the coincidence of a prior recovery of compensation benefits. The employer's right of indemnity against the third person

was conferred, the court held, with the intention that ultimate liability should fall on the person responsible for the injury. The effect of the reimbursement agreement, the court reasoned, was to accomplish the statutory purpose by aiding the employer to secure that right of indemnity.

The view of the minority was that the statute did not contemplate two suits and in their judgment the statute required that the injured party elect between compensation and damages. His acceptance of compensation benefits, they said, barred his suit for damages.

Mingo, after his victory on the pleadings, proceeded to trial on the merits and the case was submitted to the jury with the following instruction: "If you are satisfied that there was such an agreement you should find for the plaintiff. If you find there was no such agreement, or if your minds are fairly in doubt upon that point, then you should return your verdict for the defendant." The jury found specially in the affirmative as to the existence of the reimbursement agreement and its general verdict was for Mingo.

In denying the wrongdoer's motion for a new trial, the trial justice in a written rescript, 2 Rescripts Superior Court 356, referring to the first *Mingo* case, said at page 357: "The Supreme Court has sustained the right of the plaintiff to maintain the action if the agreement can be established," and continued: "* * * the jury was warranted in finding that a bona fide agreement, such as is contemplated in the decision of the Supreme Court, was made. This action can therefore be maintained."

The wrongdoer then prosecuted its exception to this court, *Mingo* v. *Rhode Island Co.*, 42 R. I. 543. The defendant's briefed contention was that the first *Mingo* case should be overruled and that a reimbursement agreement should not remove the bar which otherwise would prohibit suit against a wrongdoer by an injured party who had received compensation benefits. The court refused to consider that conten-

tion because it had not properly been brought upon the record and the defendant's exceptions were overruled.

The holding of the first *Mingo* case is that a prior recovery under the compensation act does not bar a subsequent suit against the wrongdoer provided that the injured worker has agreed to reimburse his employer out of his recovery. Implicit therein is the further holding that absent such a reimbursement agreement the suit may not be maintained. Those were the hypotheses upon which the second *Mingo* case was tried by counsel, considered by the trial court, and argued before this court.

We again considered the same issue in *McArthur* v. *Dutee W. Flint Oil Co.*, 50 R. I. 226, where the question was whether the plaintiff's suit against the tort-feasor was barred "by reason of the fact that he had received from his employer, or the latter's insurer, compensation as provided by the Workmen's Compensation Act." The court turned to that portion of sec. 20 of art. III, chap. 92, G. L. 1923, now §28-35-58, which provided that "the employee may take proceedings both against that person to recover damages and against any person liable to pay compensation under this chapter for such compensation, but shall not be entitled to receive both damages and compensation * * *."

The defendant relied upon the language "but shall not be entitled to receive both damages and compensation" and contended that the plaintiff by accepting compensation benefits had made an election of remedies and was therefore barred from maintaining a suit for damages.

The court, noting that in many instances an employee cannot be made whole by compensation benefits, rejected the defendant's contention as being premised upon an unwarranted assumption that the legislature intended to lessen the common-law liability of the person responsible for the injury. It construed the prohibition against double recovery as meaning that the employee "shall not be permitted to

receive both [damages and compensation] for his own use."
Affirming the holding in *Corria* v. *Fink Bros.*, 45 R. I. 80,
that under the statute a prior recovery of damages bars sub-
sequent recovery of compensation, the court nonetheless
concluded that there was no such bar as to a suit against
the wrongdoer commenced subsequent to recovery of com-
pensation benefits if the employer "was satisfied" to permit
the employee to recover damages.

The court recognized that to allow an employee, who had
received compensation benefits, to recover in a suit for dam-
ages could, by virtue of the statutory provision subrogating
the employer to the employee's right to recover damages,
compel the wrongdoer to pay twice. It held, therefore, that
an employer who was party to a reimbursement agreement
could not sue the wrongdoer and said at page 233: "When
the person who paid compensation has thus assisted in com-
pelling the negligent third person to pay full damages, the
person so paying is estopped to demand indemnity from
such third person."

With the decision in *Flint* the law was settled. Both the
employer and the employee may be made whole, and the
person responsible for the injury may neither escape the
full consequences of his conduct nor be required to pay
twice. Whether its pattern may be found within the stat-
utory framework or was judicially engrafted thereon is of
no concern. If the former, the statute remains substantially
the same; if the latter, the construction is of such long
standing as to warrant an assumption of legislative acquies-
cence. *St. Germain* v. *Lapp*, 72 R. I. 42, 51. Stare decisis
requires that the law as settled be followed.

It may well be, although the suggestion has been neither
briefed nor argued, that in this case plaintiff's failure to
reply that she had agreed to reimburse her employer was
occasioned by its refusal to enter into any such agreement.
The possibility of such a refusal, although unlikely, can-

not be disregarded, particularly when, as here, there is a substantial community of interest between the injured worker's employer and the wrongdoer. It cannot, however, be permitted to defeat the primary legislative purpose of assuring full recovery to an injured party without at the same time subjecting the wrongdoer to being held liable twice for the same tortious conduct. Consistent with our recognition of this twofold legislative intent, we now hold that a prior recovery of compensation benefits by an injured worker will not prohibit suit against the wrongdoer if he can establish either that he has agreed with his employer to reimburse him out of any recovery or that his employer has refused to enter into any such agreement. In the latter event, however, any ultimate recovery should be reduced by the amount of the compensation benefits received.

We consider also our recent decisions. In *Deighan* v. *E. Turgeon Construction Co.*, 95 R. I. 42, 182 A.2d 446, the suit once again was by the injured worker against the tortfeasor. The pleadings followed the *Mingo* pattern. What was at issue was the propriety of the defendant's argument to the jury that a verdict for the plaintiff would terminate the employer's obligation to continue payments under the compensation act. In holding that argument improper, the court said at page 447: "It seems unnecessary to point out at this time that the question of compensation of a plaintiff through workmen's compensation *has no place* in a case brought by a plaintiff against an alleged negligent defendant." (italics ours) The interdiction against the place of compensation in a suit by an employee against a tort-feasor while apparently unqualified must on the issues before the court be limited to a prohibition against argument likely to prejudice the jury. In *Fireman's Fund Ins. Co.* v. *Lubash,* 95 R. I. 311, 186 A.2d 722, we held that an employer's insurer may not recover the amount of compensation benefits paid to an injured worker who had recovered damages

from the tort-feasor responsible for the injury. Neither *Deighan* nor *Lubash* suggests or requires a deviation from our settled rule.

It is our opinion that in circumstances where as a result of an injury a claim for both compensation and damages arises, the alleged wrongdoer may plead in bar that the injured party has received compensation benefits. Such a plea is obviated, however, if the injured party has agreed to reimburse his employer for the compensation received out of any recovery he may obtain in his suit for damages or if the employer has refused so to agree. This result carries out the twofold legislative purpose of preserving the injured party's right against the ultimate wrongdoer and of affording the third party some protection against double liability. While the procedure may differ, the result is the same as generally obtains elsewhere. 2 Larson, Workmen's Compensation Law, §71 et seq., pp. 165 et seq.

The defendant next contends that there is such an identity between her and the corporation as to make her in fact plaintiff's employer and therefore exempt from liability at common law under §28-29-20. That contention is so lacking in merit and so unsupported by factual allegations in her special plea as to warrant no consideration.

The defendant finally contends that her status as a fellow employee makes her immune from suit by plaintiff for injuries caused while acting within the scope of her employment. She cites no authority nor does she refer us to any section of the act which gives her this preferred status. Apparently she relies on §28-29-20 which in pertinent portion provides that the right to compensation "shall be in lieu of all rights and remedies as to such injury now existing, either at common law or otherwise * * *." Any such contention is directly refuted in §28-35-58, hereinbefore set out in full, which, subject to the limitations already discussed, permits an employee who has suffered a compensable

injury "under circumstances creating a legal liability in some person other than the employer" to proceed "against that person to recover damages * * *."

We are unable to say that a fellow employee is not a person "other than the employer" and we can find nothing in the act which would justify a conclusion that the legislature conferred immunity from suit at common law for a compensable injury other than on the employer. *Churchill* v. *Stephens*, 91 N.J.L. 195; *Merchants' Mutual Casualty Co.* v. *Tuttle*, 98 N. H. 349; *Stulginski* v. *Cizauskas*, 125 Conn. 293.

For the reasons indicated in our consideration of defendant's first contention, it was not error for the trial justice to overrule plaintiff's demurrer to defendant's plea numbered I.

In the superior court the plaintiff stood upon her declaration and did not advantage herself of the privilege granted to plead further. Under our practice, the superior court within its discretion may upon motion of the plaintiff permit her so to do. *Bennett* v. *Connery & Co.*, 48 R. I. 350; *Hebert* v. *Handy,* 28 R. I. 317.

The plaintiff's exception in each case is overruled, and the cases are remitted to the superior court for further proceedings in accordance with this opinion.

*Hector D. Laudati, Joseph G. Miller,* for plaintiffs.

*Francis V. Reynolds, Bernard W. Boyer,* for defendant.