236 A.2d 249.
FRANK J. STORIN *vs.* JAMES E. MASTERSON, JR., *et ux.*

DECEMBER 20, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a negligence action for personal injuries sustained by the plaintiff when he fell outside the defendants' home. After a trial in the superior court, the jury returned a verdict for the defendants and the trial justice denied the plaintiff's motion for a new trial. The case is before us on the plaintiff's appeal and the defendants' cross appeal. In their cross appeal the defendants claim that the verdict should have been directed for them. Since our rulings which follow require dismissal of the plaintiff's appeal, it is not necessary to consider the cross appeal and hence we dismiss it pro forma.

The plaintiff is a debit agent for a nationally known life insurance company. As part of his duties with the company,

he would make a monthly visit to defendants' Pawtucket residence to collect the insurance premium due his employer. The plaintiff had been calling on defendants at their home each month for a number of years. On June 3, 1963, after completing his business call with defendants, plaintiff fell while descending the rear door stairs of their home. As a result of this mishap, he sustained an injury described as a fractured bone in his right foot and was incapacitated for a period of 11 weeks. Sometime thereafter, plaintiff commenced a civil action against defendants, alleging that his injury was the proximate result of defendants' negligence and seeking damages for consequential medical and hospital expenses, incapacity and pain and suffering. Prior to the trial on this action, plaintiff filed for and received workmen's compensation benefits during his period of incapacity.

The gravamen of plaintiff's argument on appeal is his contention that the trial justice committed prejudicial error by permitting references to be made before the jury as to his receipt of workmen's compensation benefits for the injuries he received.

It appears in the record that defendants, in answer to plaintiff's declaration, claimed that under G. L. 1956, §28-35-58, as amended, plaintiff was precluded from maintaining this suit for negligence since he had received workmen's compensation benefits for the injuries sustained. To this special plea, plaintiff filed a replication declaring that he was not barred from bringing a damage suit by this section of the workmen's compensation act since he had entered into an agreement by the terms of which he agreed to reimburse his employer for all funds received by him under workmen's compensation in the event that his suit was successfully concluded and money damages were awarded him. Both pleas are set forth in the appendix to this opinion.

During the trial, defendants sought to educe an admission by plaintiff that he had received workmen's compensa-

tion benefits for his injury.. The trial justice allowed this evidence to be introduced over plaintiff's objection and ruled that the pleadings referred to above placed in issue whether or not plaintiff had received workmen's compensation and whether or not he had entered into an agreement to reimburse his employer. It is essentially this ruling which plaintiff questions on the present appeal.

Section 28-35-58, as amended, prohibits an employee from recovering both workmen's compensation benefits from his employer and damages from a third party tortfeasor as a result of a single injury caused by the negligence of the third party.

In *Colarusso* v. *Mills,* 99 R. I. 409, 208 A.2d 381, this court in passing on §28-35-58, as amended, recognized the right of an injured employee who had received compensation from his employer for incapacity resulting from the negligence of a third party to recover thereafter damages from the tort-feasor provided that certain conditions were met. In that opinion we said at page 416, 208 A.2d at 385, "* * * we now hold that a prior recovery of compensation benefits by an injured worker will not prohibit suit against the wrongdoer if he can establish either that he has agreed with his employer to reimburse him out of any recovery or that his employer has refused to enter into any such agreement. In the latter event, however, any ultimate recovery should be reduced by the amount of the compensation benefits received." Hence, from the ruling in the *Colarusso* case, it appears clear that the issue of whether or not an employee has agreed to reimburse his employer is a proper one to be raised at the trial in the suit by the employee against the wrongdoer.

The plaintiff argues, however, that since defendants never filed a formal plea denying the averments of his replication, no evidence should have been adduced relative to compensation payments he received or relative to his agreement to reimburse the employer. The plea referred to by plaintiff

is known at common law as a similiter. However, if there was a defect in crystalizing the issue raised in plaintiff's replication, it was a technical defect which was waived when the parties proceeded to trial.[1] In fact, the record discloses that after the trial justice had stated that he would, in accordance with the pleas filed, allow evidence to show that plaintiff had received compensation and evidence as to the existence of his agreement to reimburse his employer, both parties specifically offered no objection to this ruling. It is clear to us, therefore, that in order for plaintiff to have recovered in the superior court, it was necessary for him to prove that he had agreed to reimburse his employer for all compensation benefits he had received. Indeed, such was the clear rule laid down in the *Colarusso* case.

We recognize the potential prejudicial effect of the bringing to a jury's attention the fact that a plaintiff in a personal injury or death action has received workmen's compensation payments. We point out, however, that there are certain methods available to an individual under the new rules of civil procedure of the superior court by which this issue may be removed from the jury's consideration. One such method is the pretrial conference provided for in rule 16. In the present matter, the pretrial conference presented a unique opportunity for plaintiff to discover whether there was in fact any dispute as to his allegation that he had entered into a bona fide agreement to reimburse his employer. The clear purpose of the pretrial conference is the simplifi-

---

[1] It should be noted that while the trial under review was held some ten months after the new rules of civil procedure were in effect, the pleadings in the case were filed prior to the implementation date of the rules. It appears clear, however, that under either the common-law rules or the new rules of civil procedure, plaintiff's argument—that the plea embodied in his replication was not denied by defendants and did not therefore create an issue to be tried—is lacking in merit. See Puterbaugh, Common Law Pleading and Practice (10th ed.), §120. p. 122, for the common-law rule of procedure; see rules 7(a) and 8(d) of the new Rhode Island rules of civil procedure.

cation of issues. In addition, it behooves the trial justice and opposing counsel to utilize the pretrial conference as a tool to excise from a case issues which are either uncontroverted or those which can easily be disposed of by agreement. It seems on the facts before us that the compensation issue in the present case could have been disposed of through the proper use of a pretrial conference and thus the necessity of bringing evidence on this issue to the jury would have been obviated.

As a second alternative, an individual could move for a summary judgment under rule 56 on this specific issue. Such a motion would have been especially suitable here since, as plaintiff contends, under the pleadings defendants never questioned the existence of the reimbursement agreement. It is clear, therefore, that a party who feels he might be prejudiced is not powerless to prevent this issue from being brought before a jury. Both these avenues of procedure were available to plaintiff if he desired to take some affirmative action to preclude the mentioning of workmen's compensation within the hearing distance of the jury.

We note that upon the initial mention of workmen's compensation, the trial justice admonished the jury that the receipt of the compensation had no bearing whatsoever on the issue of defendants' negligence and the exercise of due care by plaintiff. Subsequently, when the jury was given their final instructions, it was pointed out again by the trial justice that the compensation benefits were material only insofar as that finding related to the issue of whether or not plaintiff had entered into an agreement with his employer to reimburse the latter for compensation payments already received. He further instructed the jury that if they believed there was no such agreement, they were obligated to return a verdict for defendants. The plaintiff offered no objection to this portion of the charge. The jury was also instructed that they could not proceed to consider the issues of negligence, contributory negligence and dam-

ages unless and until they were satisfied that an agreement existed between the employer and the employee. If they reached in their deliberations the issue of damages, the court told the jury to disregard the fact that plaintiff had benefited from the compensation law. We reiterate our well-established rule that, absent a showing to the contrary, juries will be assumed to have followed the instructions of the trial justice. *Bray* v. *Providence Journal,* 101 R. I. 111, 220 A.2d 531.

We have examined the record before us and can find no basis for plaintiff's contention that the ·jury's verdict was motivated by their knowledge that he had received workmen's compensation benefits. In taking that position, plaintiff refers us to our holding in *Deighan* v. *E. Turgeon Constr. Co.,* 95 R. I. 42, 182 A.2d 446. In *Colarusso, supra,* we took pains to point out that *Deighan* was limited in application to its facts. In *Deighan,* as here, the plaintiff had been a recipient of workmen's compensation payments. In arguing to the jury there, defense counsel stated that a verdict for the plaintiff would permit his employer to evade its obligation to continue to pay the plaintiff under the compensation act; *Deighan* received a new trial because of the inflammatory nature of this argument. Here, however, no such prejudicial element is present.

Therefore, we find no error in the rulings of the trial justice in admitting testimony in this case relative to workmen's compensation.

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

### Appendix
### Defendants' Special Plea

"Now come the defendants and for a further plea say as follows: That the plaintiff ought not to have or maintain his aforesaid action against the defendants because, as the defendants say, the plaintiff received workmen's compensation and medical benefits from his employer, John Hancock

Mutual Life Insurance Company, under the provisions of the Workmen's Compensation Act of the State of Rhode Island, and therefore under the provisions of Section 28-35-58 of the General Laws (1956) the plaintiff is not entitled to receive both damages and compensation and therefore is not entitled to maintain his action as aforesaid. * * *"

"Plaintiff's Replication to Defendants' Second Plea

"And the plaintiff, as to the defendants' second plea, further says that he, the plaintiff, ought not to be barred from having his aforesaid action because he, the plaintiff, has agreed with his employer through its lawful representatives to reimburse his said employer for all sums that have been paid to the plaintiff for compensation and medical benefits which have been paid as a result of rights under the Workmen's Compensation Laws; and this the plaintiff prays may be inquired of by the country, etc "

*William R. Goldberg, Ronald R. Gagnon*, for plaintiff.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh*, for defendants.