284 A.2d 75.

JOSEPH RAPOSA, JR. *vs.* E. TURGEON CONSTRUCTION CO., INC.

NOVEMBER 30, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Powers, J.   This civil action for negligence is before us on the plaintiff's appeal from the entry of judgment following the jury's verdict for the defendant and from the trial justice's ruling denying the plaintiff's subsequent motion for a new trial.

The evidence establishes that plaintiff, a boilermaker, was an employee of the Hartwell Company, subcontractor of defendant which was general contractor on a construction project in Providence.   It also establishes that on March 18, 1964, plaintiff was sent by the hiring hall to the construction site where he was shown the "change shack" in which employees changed their work clothes. His working hours were from 8 a.m. through 4:30 p.m. and on that first day, plaintiff worked a full shift.

On March 20, 1964, plaintiff arrived at the job about 7:30 a.m., allowing time to change his clothes and have coffee before commencing work.   Entering the building in

which he was working, plaintiff walked along a corridor and turned into an entrance which he believed to be the doorway to the "change shack." This entrance, however, in fact opened into a deep pit in which he fell and was injured.

At trial, it was plaintiff's testimony that the corridor was dimly but inadequately lighted. The defendant, however, produced several witnesses who testified that at that time of the morning the corridor was in total darkness. One such witness emphasized this by describing how he groped along the corridor, touching the wall with his hand.

On cross-examination, plaintiff was asked whether prior to trial he had stated the cause of his injury to be " 'Walking along completely in dark and fell in pit in building.' " The plaintiff denied having made such statement and was thereupon shown a workmen's compensation nonprejudicial agreement, dated April 23, 1964, which contained the quoted language. He conceded that the agreement contained his signature and that of his attorney as a witness but insisted that he had not made such a statement. The plaintiff was then shown a workmen's compensation preliminary agreement dated July 10, 1964, containing identical language as to the cause of injury. Again admitting that it bore his signature and that of his attorney, he nevertheless persisted in denying that he had ever made this statement. These two agreements were marked as defendant's exhibits for identification. On redirect examination, he testified that he signed the agreements without reading their content and again denied that he had ever made the statement they contained. The agreements were subsequently admitted as full exhibits over plaintiff's objection.

In his case in chief defendant called Donald L. Cavanaugh, an investigator for the compensation carrier of plaintiff's employer. Cavanaugh testified that he recalled

investigating the accident but had no recollection of his interview with plaintiff. When shown his report of his investigation and asked if it refreshed his recollection, he replied that it did not. Over objection, he was permitted to read from his report which included his interview with plaintiff on April 3, 1964. The report had been prepared by Cavanaugh on April 16, 1964.

The case was submitted to the jury which after one hour's deliberation returned and requested further instructions. The essence of the request was whether a verdict for plaintiff meant entitlement to all damages including pain and suffering while a verdict for defendant meant that defendant paid nothing.

The trial justice gave appropriate additional instructions to which plaintiff made no objection.

Thereafter, the jury returned with a verdict for defendant. Judgment entered accordingly and within the time allowed by law, plaintiff moved for a new trial. This motion was denied and appeal was taken to this court.

In connection therewith plaintiff urges three assignments of error. The first such is that it was prejudicial error for the trial justice to admit into evidence the nonprejudicial and preliminary agreements. He contends that by bringing to their knowledge that plaintiff had received workmen's compensation benefits the jury was improperly influenced in reaching their verdict. In support thereof he relies upon *Deighan* v. *E. Turgeon Construction Co.*, 95 R. I. 42, 182 A.2d 446 (1962). There this court held that plaintiff was entitled to a new trial because defense counsel, in his closing argument, had improperly informed the jury that plaintiff had been receiving workmen's compensation benefits and the trial justice failed to immediately instruct the jury to ignore such information, although so requested by counsel for plaintiff. Later, however, in *Colarusso* v. *Mills,* 99 R. I. 409, 208 A.2d 381

(1965), we confined our holding in *Deighan* to the facts of that case.

Here, plaintiff denied upon cross-examination that he had made the statements contained in the compensation agreements which he had signed. These statements went to the issue of contributory negligence and were admitted for the purpose of impeaching plaintiff's credibility on this crucial issue. Further, the trial justice carefully instructed the jury as to the limited purpose for which they were admitted. In such circumstance, their admission into evidence was not error. *See Storin* v. *Masterson,* 103 R. I. 246, 236 A.2d 249 (1967).

As his second assignment of error, plaintiff argues that the trial justice should have granted his motion for a new trial for the reason that the jury was improperly influenced by the introduction of the workmen's compensation agreements. He bases this contention on his view of implications arising out of the questions posed by the jury in their request for further instructions. This contention is more plausible than sound. A full reading of the jury's questions on their return and the instructions given in response thereto disclose that the jury fully understood the issues involved. No objection was made to these instructions and the jury's verdict responded to them.

This brings us to a consideration of plaintiff's remaining assignment of error, namely, that the trial justice erred in permitting a defense witness to testify from a report compiled by him but which failed to revive his recollection of the matters contained therein.

This witness, Donald L. Cavanaugh, was an investigator for plaintiff's employer's compensation carrier at the time of plaintiff's mishap. Called to testify as to statements made to him by plaintiff regarding the accident, Cavanaugh stated that he had no recollection of his conversation with plaintiff, and that the report concerning

said conversation, although prepared by him, did not refresh his recollection.

However, he did testify that his conversation with plaintiff was fresh in his mind at the time he prepared his report and that he knew that the contents when recorded by him were true.

This foundation having been laid, the trial justice then permitted Cavanaugh to voice as his testimony the following portion of Cavanaugh's report:

> " 'Claimant states that he arrived at the job at 7:30 a.m.  Proceeded into the basement of the building as he had done on two prior dates.  He was accompanied by the job foreman, William Brown.  When they entered the basement corridor it was so dark the claimant was unable to see Mr. Brown even though he was only at arm's length from him.  He stated he was totally unable to see anything and the area was totally without light.  He proceeded down the corridor in the dark, entered the boiler room and stepped off into the incinerator pit which was totally unbarricaded.' "

This statement was obtained by Cavanaugh from plaintiff whom Cavanaugh identified as "claimant" in connection with plaintiff's claim for compensation benefits.

It is clear that the trial justice permitted this testimony on the principle of past recollection recorded, a doctrine which this court approved in *State* v. *Prescott,* 70 R. I. 403, 40 A.2d 721 (1944); *Sak* v. *Pytel,* 46 R. I. 380, 128 A.554 (1925); *Welch & Company* v. *Greene,* 24 R. I. 515 (1902) and *State* v. *Colwell,* 3 R. I. 132 (1855).

More recently the rule was applied in *State* v. *Contreras,* 105 R. I. 523, 253 A.2d 612 (1969), and the reasoning behind the rule discussed in depth.

In challenging the ruling of the trial justice permitting Cavanaugh's evidence to be admitted, plaintiff does not question that it is within the trial justice's discretion to admit such evidence if the proper foundation is laid.  He argues rather that the report in question was a compilation

of statements received from others as well as from plaintiff, and that the witness, Cavanaugh, was not certain as to the source of the statement attributed to plaintiff. We find no merit in this contention. An examination of the direct and cross-examination of Cavanaugh make it abundantly clear that the witness was certain that the statement heretofore quoted was an accurate account of plaintiff's version of the accident as given to Cavanaugh by plaintiff.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court for appropriate proceedings.

*Moses Kando,* for plaintiff.

*Milton Bernstein,* for defendant.