## Peter J. BRUNO

v.

## CRITERION HOLDINGS, INC., et al.

### No. 98–469–A.

Supreme Court of Rhode Island.

June 23, 1999.

Richard G. Shagian; Keith B. Kyle, Providence.

William T. Smitherman, William Alan Jacobson, Providence.

### ORDER

The plaintiff, Peter J. Bruno, appeals from a Superior Court judgment dismissing count 1 of his complaint against defendant Vereinigte Deutsche Nickel–Werke, A.G. (VDN) in this breach-of-employment-contract dispute. This case came before the Court at a session in conference pursuant to Rule 12A(3)(b) of the Rules of Appellate Procedure. After reviewing the record and the parties' prebriefing statements, we proceed to decide the case at this time without further briefing or argument.

According to plaintiff's verified complaint, on or about December 7, 1997, at a special meeting of the board of directors of defendant Criterion Holdings, Inc., plain-

tiff was temporarily removed as an officer of Criterion Holdings and placed on indefinite leave with pay. Thereafter, plaintiff's employment contract was terminated. The plaintiff, who owns fifty-one percent of Criterion Holdings' stock, alleges that his contract was terminated without cause or proper notice by defendant VDN, the owner of forty-nine percent of Criterion Holdings' stock, and by the other defendants.[1] Count 1 in plaintiff's complaint specifically alleges that VDN breached plaintiff's employment contract.

VDN filed a motion to dismiss count 1 under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, asserting that VDN could not be held liable for breach of the employment contract because VDN was not a party to the contract. The trial justice agreed, and granted VDN's motion to dismiss. On appeal, plaintiff argues that the trial justice erred in dismissing count 1 against VDN because the complaint alleges that VDN dominated the corporate finances and policies of Criterion Holdings to such an extent that VDN should be held liable for breach of contract under the "piercing the corporate veil" theory of liability.

A motion to dismiss under Rule 12(b)(6) will only be granted "when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim." *Folan v. State*, 723 A.2d 287, 289 (R.I.1999). In reviewing a motion to dismiss under Rule 12(b)(6), we accept the allegations of the plaintiff's complaint as true and view them in the light most favorable to the plaintiff. *Id.*

The employment agreement itself only mentions Criterion Holdings as a party to the agreement with the plaintiff. However, plaintiff's complaint also alleges that at all times VDN "dominated the corporate finances, policies and practices" of Criterion Holdings. In its answer, Criterion

1. This appeal only concerns the dismissal of count 1 against VDN.

Holdings admitted this allegation. The verified complaint further asserts that directors of VDN also sit on the board of directors of Criterion Holdings. These directors allegedly have attempted to cancel plaintiff's ownership of stock in Criterion Holdings and have failed to apprise plaintiff or shareholder meetings, even though plaintiff owns a majority of Criterion Holdings stock and VDN only owns a minority stockholding interest.

In reviewing whether dismissal was appropriate, we must determine whether the allegations of plaintiff's complaint indicate a potentially viable claim against VDN for breach of contract under the theory of piercing the corporate veil. In order to pierce the corporate veil, "where a parent-subsidiary relationship is involved, it must be demonstrated that the parent dominated the finances, policies, and practices of the subsidiary." *Miller v. Dixon Industries Corp.*, 513 A.2d 597, 604 (R.I.1986). The "[p]laintiff must show the parent company so dominated the finances, policies, and practice of the subsidiary that they must be treated as one and the same company." *Home Gas Corp. of Mass., Inc. v. DeBlois Oil Co.*, 691 F.Supp. 567, 576 (D.R.I.1987).

We conclude that, under the liberal standards of notice pleading that apply when a motion to dismiss is filed under Rule 12(b)(6), the allegations of the plaintiff's complaint, taken as true, are sufficient to withstand a motion to dismiss. In substance, the plaintiff alleges that VDN so dominated Criterion Holdings that it nullified the plaintiff's majority stock ownership in this corporation. If the allegations of the plaintiff's complaint are substantiated, the plaintiff may very well be entitled to relief under the piercing-the-corporate-veil theory. On the other hand, if the proof is insufficient to show the requisite inequitable domination of this corporation by another, a summary judgment or judgment as a matter of law may be granted. *See Doe v. Gelineau*, 732 A.2d 43 (R.I. 1999).

Therefore, we sustain the appeal, and vacate the judgment. The papers may be remanded to the Superior Court for further proceedings consistent with this opinion.