Irving A. **STRYNAR**

v.

**Jack RAHILL, Treasurer for the City of Pawtucket et al.**

**No. 2000–247–Appeal.**

Supreme Court of Rhode Island.

March 28, 2002.

Marybeth Holland O'Hearn/Robert D. Goldberg, Pawtucket, for Plaintiff.

Frank J. Milos, Jr./Dean J. Wagner/Michael F. Horan, Pawtucket, for Defendant.

Present: WILLIAMS, C.J., and LEDERBERG, BOURCIER and FLANDERS, JJ.

## OPINION

PER CURIAM.

This appeal challenges the exclusivity of the statutory injured-on-duty (IOD) scheme for compensating municipal police officers who become incapacitated in the course of their employment. The plaintiff, Irving A. Strynar, a former detective with the City of Pawtucket's (city) Police Department, appeals from a Superior Court order granting a motion to dismiss his complaint for failure to state a claim on which relief could be granted.

The plaintiff apparently suffered from "severe emotional distress," which he alleged constituted a "work-related injury." He averred that defendants, who include the city's treasurer, police chief, and other municipal officials, improperly delayed in granting him his request for IOD benefits. As a result, he alleged, defendants forced him to use vacation and sick time, for which they did not credit him upon his eventual receipt of IOD benefits. In due course, defendants sought dismissal of the complaint on the ground that plaintiff had failed to state a claim upon which relief could be granted. General Laws 1956 chapter 19 of title 45 (the IOD statute), they argued, provides the exclusive remedy for municipal police officers who have alleged an incapacity to work because of an injury suffered in the line of duty. The Superior Court agreed and dismissed the complaint. On appeal, a single justice of this Court ordered the parties to show cause why we should not decide this case summarily. Because the parties have not done so, we proceed to decide the appeal at this time.

■ In *Kaya v. Partington*, 681 A.2d 256, 260 (R.I.1996), this Court held that, with respect to work-related personal-injury claims, the IOD statute provides the exclusive remedy for municipal police officers seeking redress from their municipal employers, fellow officers, supervisors, and other municipal officers. The plaintiff argues that defendants are not immune from a civil action under *Kaya* because their alleged misconduct against him was intentional. He suggests that this Court's holding in *Kaya* only applies to negligence actions, but not to actions such as this one that are based upon alleged intentional misconduct. The defendants respond that, according to *Kaya*, the IOD statute provides the exclusive remedy for municipal police officers with respect to all work-related personal-injury claims against their superiors and other municipal officers—including claims for intentional misconduct—and that, therefore, any civil action seeking common-law remedies against such defendants for this type of alleged misconduct is barred.

We are of the opinion that *Kaya* controls the outcome of this appeal. In *Kaya*, a police officer filed suit against the city and other municipal officers for injuries he suffered in the course of his employment. He alleged that the defendants acted "negligently, willfully, and intentionally" in failing to provide him with the proper riot gear when his superior officer dispatched him to disperse an unruly crowd. *Kaya*, 681 A.2d at 258. This Court concluded that the IOD statute was intended to provide the exclusive remedy for claims against the police officer's employer, fellow officers, superior officers, and officers of the municipal corporation. *Id.* at 260. Thus, under *Kaya*, the exclusivity of the statutory IOD remedy also applies to claims of intentional misconduct.

■ The plaintiff next contends that the IOD statute violates the federal and state constitutions because it does not give police officers an "opt out provision" such as the one that is available to employees under workers' compensation law. *See* G.L. 1956 § 28–29–17. Contrary to defendants' assertion, however, the record shows that, pursuant to G.L.1956 § 9–30–11, plaintiff provided notice to the attorney general of these proceedings. Nevertheless, the only state constitutional provision that plaintiff cites is article 1, section 5, of the Rhode Island Constitution, guaranteeing "a certain remedy, by having recourse to the laws, for all injuries or wrongs which may be received in one's person." The plaintiff argues that, without an "opt out provision," the IOD statute violates this provision. Here, however, with respect to a limited class of defendants (municipalities, fellow police officers, superiors, and municipal officials), the IOD statute provides municipal police officers with a certain remedy, available under law, for all the work-related personal injuries and wrongs that municipal police officers may suffer that incapacitates them for police work. Although the IOD statute provides an alternative remedy to the common-law claims that otherwise would arise out of such injuries—even though in some respects it may not afford as desirable or as complete a remedy to the incapacitated police officer as the common law might allow—it is no less a certain remedy, available under law, for all the injuries and wrongs that it covers. Therefore, the IOD statute does not violate article 1, section 5, of the Rhode Island Constitution.

Furthermore, because plaintiff does not specify how the IOD statute allegedly violated his due-process rights under the Fourteenth Amendment to the United States Constitution—much less set forth his reasoning in support of this constitutional claim—we are unable to address this

asserted error on the merits. By failing to brief this assertion properly, he has waived that specification of error. *See, e.g., Wilkinson v. The State Crime Laboratory Commission,* 788 A.2d 1129, 1132 n. 1 (R.I. 2002).

■■■ The plaintiff's next contention is that the motion justice should have treated the defendants' motion to dismiss the complaint as one for summary judgment because the parties presented evidentiary matters to the court that were not contained within the pleadings. The plaintiff also asserts that the court erred in fully dismissing his complaint because the defendants had only moved for a partial dismissal. This Court applies the same legal standard as the trial justice when reviewing the grant or denial of a Super. R. Civ. P. 12(b)(6) motion to dismiss. *Hendrick v. Hendrick,* 755 A.2d 784, 793 (R.I.2000). "A motion to dismiss under Rule 12(b)(6) will only be granted 'when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim.'" *Id.* (quoting *Bruno v. Criterion Holdings, Inc.,* 736 A.2d 99, 99 (R.I.1999) and *Folan v. State,* 723 A.2d 287, 289 (R.I.1999)). A dismissal motion that relies on evidence outside of the pleadings, however, must be treated as a motion for summary judgment under Rule 56 of the Superior Court Rules of Civil Procedure. *See Martin v. Howard,* 784 A.2d 291, 298–99 (R.I.2001).

■ Contrary to the plaintiff's assertions, however, the motion justice granted the defendants' dismissal motions on the grounds that the IOD statute barred all the claims in the complaint and that the defendants were entitled to a judgment as a matter of law. In doing so, she clearly dismissed the complaint based only on the allegations contained therein, without relying on any extraneous evidentiary material. Indeed, she expressly confined her dismissal decision to the four corners of the complaint, stating "I don't think there are any facts, other than the pleadings properly before the Court, unless there are affidavits, or something of that nature. So, counsel for the plaintiff, *I will decide this particular motion as a motion to dismiss based upon the pleadings only.*" (Emphasis added.) Moreover, the motion justice dismissed all of plaintiff's claims based on the exclusivity of the IOD statute for the injuries alleged. Although plaintiff alleged different common-law causes of action against defendants, they all related to the defendants' alleged improper handling of his claim for IOD benefits and to the personal injuries he allegedly suffered because of such conduct. Given that the IOD statute embodied plaintiff's exclusive remedy for all such claims, we are not convinced that the motion justice committed reversible error in dismissing the complaint in its entirety under these circumstances.

For these reasons, we deny the appeal and affirm the order dismissing the plaintiff's complaint.

FLANDERS, J., concurring.

For all the reasons set forth in my dissents in *Kaya v. Partington,* 681 A.2d 256, 262–71 (R.I.1996), and in *Hargreaves v. Jack,* 750 A.2d 430, 436–38 (R.I.2000), I still believe that *Kaya* was wrongly decided by this Court in 1996. Nevertheless, given that, in the six years since that ruling, the Legislature has not seen fit to correct this Court's exclusive-remedy gloss on how the IOD statute operates, the overarching principle of *stare decisis* causes me to acquiesce in that decision and to join in the Court's opinion in this case, even though I disagree on the merits with its underlying assumptions, its reasoning, and its conclusions. In doing so, I recognize that the doctrine of *stare decisis* "has

more force in statutory analysis than in constitutional adjudication because, in the former situation, [the Legislature] can correct our mistakes through legislation." *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 695, 98 S.Ct. 2018, 2038, 56 L.Ed.2d 611, 638 (1978). *See Square D Co. v. Niagara Frontier Tariff Bureau, Inc.,* 476 U.S. 409, 424, 106 S.Ct. 1922, 1930–31, 90 L.Ed.2d 413, 426 (1986) (holding that, in the area of statutory construction, the legislature is capable of overruling the Court's interpretation of the statute, and therefore *stare decisis* is entitled to a strong presumption); *see also NLRB v. International Longshoremen's Association, AFL–CIO,* 473 U.S. 61, 84, 105 S.Ct. 3045, 3058, 87 L.Ed.2d 47, 64 (1985) ("we should follow the normal presumption of *stare decisis* in cases of statutory interpretation"); *Illinois Brick Co. v. Illinois,* 431 U.S. 720, 736, 97 S.Ct. 2061, 2069, 52 L.Ed.2d 707, 719 (1977) ("we must bear in mind that considerations of *stare decisis* weigh heavily in the area of statutory construction, where [the Legislature] is free to change this Court's interpretation of its legislation"). (Emphasis added.)

Thus, given the passage of time since the Court decided *Kaya,* whether its IOD exclusivity doctrine "may be found within the statutory framework or was [as I believe] judicially engrafted thereon is of no concern. If the former, the statute remains substantially the same; if the latter, the construction is of such long standing as to warrant an assumption of legislative acquiescence." *Colarusso v. Mills,* 99 R.I. 409, 415, 208 A.2d 381, 385 (1965) (citing *St. Germain v. Lapp,* 72 R.I. 42, 48 A.2d 181, 166 A.L.R. 450 (1946)).

Justice GOLDBERG did not participate.