CITY OF PROVIDENCE *vs.* WILLIAM E. POWERS, *Atty. Gen. et al.*

FEBRUARY 28, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.  This is a bill in equity, under general laws 1938, chapter 487, §1, seeking to have the superior court authorize the city of Providence as trustee to sell certain property which had been devised to it as a charitable trust under the will of Ebenezer Knight Dexter, deceased, and thereupon to apply the proceeds in accordance with the doctrine of *cy pres*.  Originally the attorney general of the state was the only respondent, but subsequently the heirs of the testator were added as parties.

It will be unnecessary to describe in detail the numerous complicated proceedings in both the state and federal courts. Much of the important travel has been stated in *Payne* v.

*Superior Court,* 78 R. I. 177 (1951), to which reference is hereby made. However, we may note: (1) That after the opinion of the United States Court of Appeals for the First Circuit in *Payne* v. *City of Providence,* 182 F.2d 888, the superior court of this state granted the petition of the complainant city to add the heirs of the testator as parties respondent in the case pending therein; (2) that such case was then reopened, cross-examination of previous witnesses was permitted, and further proceedings and hearings were held on the amended bill, which included a prayer for a construction of the will and also allegations and prayers for an application of *cy pres;* (3) that thereupon a decision was rendered by the superior court finding in substance that the will disclosed a general as distinguished from a special charitable intent and that *cy pres* should be applied in accordance with the evidence; and (4) that a decree to such effect was entered granting all the prayers of the amended bill under certain conditions therein set forth. From this decree the respondent heirs have prosecuted the instant appeal to this court.

The complainant city concedes that it never intended to bring a bill *solely* for a construction of the will and that the amended bill under consideration is not of that character. Apparently its theory is based on its own interpretation of this court's opinion in *City of Providence* v. *Payne,* 47 R. I. 444 (1926). It claims that the issue as to the nature of the testator's intent was thereby determined; that this court decided therein that the testator had a general rather than a special charitable intent; and that, at least by implication, the superior court could proceed to apply *cy pres* whenever efficient administration of the trust became impractical because of material changes in circumstances. Apparently this view is shared by the attorney general of the state, the original respondent.

On the other hand the respondent heirs contend that in the above-mentioned *Payne* case in 1926 the court did not

settle the question whether the testator had exhibited a general or special charitable intent; that such issue must still be determined by this court before the superior court would have a right under the statute to decide whether the *cy pres* doctrine may be applied; and that, especially in view of the decision of the United States Court of Appeals and the existing doubts as to the effect of *City of Providence* v. *Payne,* 47 R. I. 444, their pleas and demurrer to the original and amended bills should have been sustained. On that view they argue that a new proceeding solely for the construction of the will should have been commenced and certified to this court in accordance with G. L. 1938, chap. 545, §7.

However, they also urge in substance that if the amended bill is to be considered we should hold that the charitable intent of the testator as disclosed by the will is clearly special and not general; that the gift under paragraph Seventeenth was intended and was made as a defeasible fee or as one on a condition subsequent which has been breached; and that in any event the city, on its allegations and evidence of a practical failure of the trust, now holds the property under a resulting trust created by operation of law for the benefit of the respondent heirs.

The original bill was subsequently amended with the approval of the court. Ordinarily when an amended declaration in a law action is filed with the court's approval the original pleading is eliminated from the record for all practical considerations. *Conway* v. *Marsh,* 79 R. I. 254; *Neri* v. *Rhode Island Co.,* 42 R. I. 229; *Wilson* v. *New York, New Haven & Hartford R. R.,* 18 R. I. 598. A similar rule has been followed in equity pleading. *Solomon* v. *Siperstein,* 73 R. I. 65. Therefore we need not consider the plea or arguments concerning the original bill of complaint.

But the respondent heirs also filed a demurrer and plea to the amended bill. In our judgment their view of the law as argued under these pleadings is correct, at least to the

extent that a construction of any will, if it is ambiguous, is reserved to the jurisdiction of this court. There is no authority in this state for a bill of complaint to have the *superior court* in the first instance make a construction of such a will and then to proceed on that basis to apply the *cy pres* doctrine. Jurisdiction over the construction of a will made by a domiciled resident of Rhode Island and duly probated in the courts of this state is vested exclusively in the supreme court. Provision for obtaining a construction thereof is made by G. L. 1938, chap. 545, §7. Under that statute a bill in equity *solely* for the construction of a will must be certified by the superior court for our determination whenever the pending case is ready for hearing for final decree.

It is true there are some cases, as contended by complainant, wherein the superior court apparently has interpreted a will. *Newport Hospital* v. *Harvey,* 47 R. I. 382, 49 R. I. 40; *Maddalena* v. *Masso,* 48 R. I. 92; *Gardner* v. *Sisson,* 49 R. I. 504. But those cases invoked primarily the exercise by that court of its specific and well-established jurisdiction, where the interpretation of a will was only incidental and collateral, or where the will was *not* ambiguous and where the bill of complaint did not suggest any need for construction and contained no prayer therefor.

However, here the intent of the testator and the effect of the opinion in *City of Providence* v. *Payne,* 47 R. I. 444, are in doubt, and the bill does contain a prayer for an initial construction of the will. In the circumstances, jurisdiction of the superior court to apply *cy pres* as prayed for depended essentially upon a predetermination of the existence of a testamentary *general* charitable intent. Consequently the ascertainment of such an intent here is the primary and basic issue rather than merely a collateral or incidental question. Therefore the cases cited by complainant are distinguishable.

Ordinarily our view in this respect as to the law governing

the respondent heirs' plea and demurrer would require us to sustain the appeal and to remand the cause for a dismissal of the amended bill without considering the issue as to the nature of the testator's intent. However, since the United States Court of Appeals has held that this court's first opinion in the *Payne* case did *not* decide whether the testator had exhibited a general or special charitable intent as to paragraph Seventeenth, and since both parties have fully argued such issue on this appeal, we deem it advisable to entertain the question in order to clarify existing doubts. Accordingly we shall treat the amended bill as if it had been duly certified to this court as a bill solely for the construction of the will under G. L. 1938, chap. 545, §7.

In doing so, we recognize that the amended bill contains other allegations and issues which particularly relate to complainant's prayer to have the superior court apply the doctrine of *cy pres*. However where a bill in equity, which also contains allegations and prayers for other relief, has been certified for construction of a will, this court consistently has treated the bill as if it were brought solely for the construction of the will and has disregarded such other allegations and prayers as surplusage. *Town of Bristol* v. *Nolan*, 72 R. I. 460, 465; *Ortman* v. *Streeter*, 67 R. I. 325, 326; *Horton* v. *Horton*, 46 R. I. 492, 495. See also *Smith* v. *Powers*, 83 R. I. 415, 117 A.2d 844. We shall follow that procedure in the instant case.

In general the respondent heirs, in arguing for the existence of a *special* rather than a general charitable intent, have renewed here the substance of all the contentions which were advanced by others when the will was before this court previously for a construction of the same paragraph Seventeenth. *City of Providence* v. *Payne*, 47 R. I. 444. In that case, however, the court clearly rejected all arguments to the effect that the testator intended to devise a qualified or defeasible fee, or one on a condition subsequent. Moreover in said opinion it expressly and unequivocally con-

518

cluded that the gift provided for in paragraph Seventeenth of the will constituted a charitable trust.

The only remaining question for consideration is whether the court at that time decided that the will disclosed a general or a special charitable intent in particular relation to the trust provided for in paragraph Seventeenth. Apparently the precise words "general charitable intent" are not used as such in the court's conclusions. Nevertheless their discussion and findings concerning the testator's intent as disclosed in the will contain language which clearly defines a dominant *general* charitable intent. In our judgment the court at that time found that as to paragraph Seventeenth the will disclosed the existence of a dominant or primary charitable intent, which was to ameliorate the condition of the poor *generally*. It also recognized and found a closely related subsidiary or secondary intent as to the mode in which the testator provided that his dominant intent should be accomplished. And it specifically instructed the trustee, in answer to the certified questions, how it should act with reference to carrying out such subsidiary intent. We are of the opinion, therefore, that the existence of a general charitable intent as to paragraph Seventeenth was decided by the court in *City of Providence* v. *Payne,* 47 R. I. 444, and we so hold.

It is true that the court also made certain statements therein concerning possible application of *cy pres* in the event of changed circumstances. However, those references must be considered in the light of the certified questions and the arguments there made by the trustee in urging that the questions be answered affirmatively. In substance these asked whether the testator's Neck Farm, now known as Dexter Asylum, which is referred to in paragraph Seventeenth, could be divided and sold, or leased, by the city and have the proceeds applied under *cy pres;* and also whether the wall surrounding that property as provided for could be taken down. These questions, which were answered in

the negative, resemble closely the objectives underlying the prayer for application of *cy pres* in the instant case.

As we view those statements, the court there recognized: (1) That the case was before it solely for construction of the will in accordance with the testator's disclosed intent as to paragraph Seventeenth and for instructions to the trustee thereunder; (2) that the desirability of more efficient and complete administration of the trust under possibly changed conditions was not the test to be used in ascertaining the testator's charitable intent; (3) that such intent was to be gathered from the language of the will itself and not from later developments and changed circumstances; (4) and that if conditions had changed so as to make *cy pres* applicable, as was there contended, such question would not be for this court on the construction of the will. Rather that question would have to be submitted in the first instance to the superior court under its statutory jurisdiction.

In our opinion the references in that case to *cy pres* were intended to make clear that the certified questions had to be answered solely in accordance with the *testator's intent* as this court found it disclosed in the will. In other words, the court thereby emphasized that *cy pres* depends on the finding of a *general* charitable intent but that the existence of such intent is not dependent on whether *cy pres* should or should not be applied. The testator's intent must always be found from a consideration of the will itself. Accordingly the court, having there ascertained from the will that the testator disclosed a general as distinguished from a special charitable intent, answered the pertinent questions in the negative.

In our judgment, considering the instant amended bill as before us solely for the construction of paragraph Seventeenth of the will, the situation here is the same as it was at that time. For that reason our decision also is expressly restricted, in accordance with our duty under the statute,

to ascertaining the intent of the testator in connection with paragraph Seventeenth as we find it expressed in the will. Consequently we are not concerned with, nor do we decide here, the merit or lack of merit of any issue contained in the amended bill in connection with the application of the doctrine of *cy pres* under the pertinent statute.

We therefore hold, on the authority of the opinion in *City of Providence* v. *Payne*, 47 R. I. 444, that the will discloses a gift of the property described in paragraph Seventeenth as a public charitable trust; that in such respect the testator does not exhibit a special charitable intent as advocated by the respondent heirs; and that the will discloses as to such paragraph Seventeenth the testator's *general* charitable intent for the amelioration of the condition of the poor of the city of Providence.

Accordingly on March 9, 1956 the parties may present to this court for approval a form of decree, in accordance with this opinion, for entry in the superior court.

*William E. McCabe, City Solicitor; James J. Corrigan, Ass't City Solicitor,* for complainant.

*William E. Powers, Atty. Gen., Albert J. Hoban, Adm'r and Joseph A. Bevilacqua, Acting Adm'r of Charitable Trusts,* for State.

*Everett D. Higgins, Tillinghast, Collins & Tanner, Harold E. Staples, Edwin H. Hastings; Eldridge H. Henning, Jr.; Swan, Keeney & Smith, Francis B. Keeney, Jr., Frank H. Swan, Jr.; Charles H. Drummey,* for various respondents.