**266 A.2d 55.**

GEORGE ANDOSCIA *vs.* WALTER L. DOUGLAS *et al.*

JUNE 3, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. The plaintiff, a real estate broker, brought this civil action in the Superior Court to recover a real

estate commission from the defendants, Walter L. and Edna F. Douglas. The defendants filed an answer and a third-party complaint joining Armand and Eve Procaccianti as third-party defendants. The Procacciantis, who had entered into a written agreement with the defendants to purchase the property involved in this case, filed an answer to the third-party complaint. A justice of the Superior Court heard the case without a jury and, after the plaintiff rested, the defendants, without resting their case, moved to dismiss pursuant to Super. R. Civ. P. 41(b)(2). The Procacciantis joined in the motion.

The defendants based their motion to dismiss on the grounds that there was no evidence that, at the time set for the conveyance, plaintiff had produced a purchaser ready, willing and able to purchase, and that there was testimony that the sellers were ready, willing and able to carry out their obligation under the agreement.

On January 8, 1969, after hearing arguments of counsel for defendants and the Procacciantis, the trial justice granted the motion without making findings in compliance with the requirements of Super. R. Civ. P. 52(a). The jacket entry, dated January 16, 1969, contains the following entry:

> "Motion for dismissal is granted in as much as plaintiff has failed to show the production of a purchaser able to purchase. Verdict is therefore for both Defendants."

On the same day separate judgments were entered for defendants and the Procacciantis. It appears from the record that this proceeding involves only an appeal from the judgment for the defendants Walter L. and Edna F. Douglas.

The plaintiff's first contention is that the trial justice was clearly wrong in granting defendants' motion to dismiss, and secondly he argues that since the trial justice

failed to comply fully with the requirements of Rules 41(b)(2) and 52(a), we should examine the record and make our own determination of the merits.

In *Rowell* v. *Kaplan,* 103 R. I. 60, 70, 235 A.2d 91, 97, we said that we would not in every instance insist upon strict compliance with the fact-finding requirements of Rule 52(a). However, we also pointed out that the conclusion was not without its limitations and that noncompliance with the rule would entail the risk of reversal or remand unless the record disclosed a full understanding and resolution of the controlling and essential factual and legal issues.

The testimony in this case is rather confusing, and we do not have the benefit of factual determination by the trial justice. The strict requirements of Rule 52(a) were not met. The trial justice's decision contains neither findings of fact nor conclusions of law. Nor was an opinion or a memorandum decision filed. The January 16, 1969 jacket entry is no substitute for the requirements of Rule 52(a). In this case, because of the trial justice's failure to comply with Rule 52(a) and the guidelines set forth in *Rowell* v. *Kaplan, supra,* we are unable to review his decision because we are unable to know on what he based it. In the circumstances we believe that the interests of justice require that this case be remanded for a new hearing in the Superior Court.

The judgment appealed from is reversed, and the case is remanded to the Superior Court for a new trial.

*Arcaro, Belilove & Kolodney, Samuel J. Kolodney,* for plaintiff.

*Seth K. Gifford,* for defendants Walter L. Douglas and Edna F. Douglas; *John M. Booth,* for Armand Procaccianti and Eve Procaccianti, third-party defendants.