310 A.2d 141.

### S. M. S. Sales Co., Inc. *et al. vs.* New England Motor Freight, Inc.

OCTOBER 19, 1973.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. This civil action for money damages was tried without a jury before a Superior Court justice. After the hearing he rendered a decision awarding the plaintiffs damages in the amount of $686 against the defendant, New England Motor Freight, Inc.; awarding the latter damages in the amount of $686 against third-party defendant, Emkay Chemical Co., Inc.; and awarding the plaintiffs damages in the amount of $4,315.39 on its direct claim against Emkay. The case is before us on Emkay's appeal from the denial of its motion for a new trial.

Emkay has briefed and argued its appeal under four main points. However, since we are persuaded that there is merit to its contention that in the circumstances of this case the failure of the trial justice to find the facts specially as required by Super. R. Civ. P. 52(a) necessitates a remand, we shall limit our discussion accordingly.

Rule 52(a), insofar as pertinent here, states that

"In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon * * *."

The purposes of this rule have been adequately set forth in *Rowell* v. *Kaplan,* 103 R. I. 60, 235 A.2d 91 (1967) and require no further discussion here other than to point out that it is abundantly clear from a reading of the trial justice's oral decision in the case at bar that he did not comply with the provisions of Rule 52(a).[1]

In *Andoscia* v. *Douglas,* 107 R. I. 199, 266 A.2d 55 (1970), we had occasion to discuss the consequences of noncompliance with the provisions of Rule 52(a). We pointed out in that case that although we would not in every instance insist upon strict compliance with the fact-finding requirements of Rule 52(a), noncompliance would entail the risk of reversal or remand unless the record disclosed a full understanding and resolution of the controlling and essential factual and legal issues. After noting that the evidence was rather confusing and that we did not have the benefit of a factual determination by the trial justice because of the latter's failure to comply with Rule 52(a) and the guidelines set forth in *Rowell* v. *Kaplan, supra,* we concluded that we were unable to review his decision because we were unable to discern on what he based it. Accordingly, we reversed and remanded the case to the Superior Court for a new trial.

Here, too, the testimony is confusing and, according to Emkay's position, also conflicting. The record in the case at bar is not so clear that we do not need the trial justice's findings in considering this appeal or that we can proceed

---

[1] A copy of the trial justice's decision is attached as an appendix.

to determine it without them.[2] On this record we are not able to review the decision and judgment without the benefit of such findings. *Andoscia* v. *Dauglas, supra,* is so similar to this case as to be controlling on this issue. We so hold.

In *Andoscia,* we reversed and remanded for a new trial. However, in the case at bar we believe that the expeditious disposition of this cause will be more appropriately served by remanding the case to the Superior Court with direction that the justice who heard this case make findings of fact on material issues on which his ultimate decision rests, that is, findings "* * * which are sufficient to indicate the factual basis for the ultimate conclusion." *Kelley* v. *Everglades Drainage District,* 319 U.S. 415, 422, 63 S.Ct. 1141, 1145, 87 L.Ed. 1485, 1489 (1943). *See also* 2B Barron & Holtzoff, *Federal Practice & Procedure* §1127 at 503 (1961).

The case is remanded to the Superior Court for further proceedings in accordance with this opinion.

## Appendix

"The Court: Well, I think that comes to $686.00. Well, I think in this case we have heard the testimony and the testimony indicates that one or two barrels per thousand would leak.

"Now, there is on the part of the gentleman who was a chemist for Emkay, we heard testimony that New England, and I think this is in accordance with the Exhibit #1 of the Plaintiff, was liable for 50¢ a pound. By stipulation that is translated to $686.00.

"I find that S.M.S. may recover $686.00 from New England Freight and New England Freight may recover from Emkay that amount, $686.00.

---

[2]For a discussion of the effect of failure to make the findings required by Federal Rule 52(a), *see* 5A Moore, *Federal Practice* §52.06 at 2718 (2d ed. 1971).

"Emkay, according to Plaintiff's Exhibit #4 in exhibit, there was $4,315.39 in damaged goods, as I understand it when Emkay gave this barrel to New England Freight Company. I think it took its chances on this one or two barrels per thousand. I think whatever damage was caused should be borne by the company that took its chances in turning this over to the carrier.

"Therefore, I find in the case of S.M.S. vs. Emkay Chemical, Emkay Chemical owes $4,315.39."

*Gunning, LaFazia, Gnys & Selya, Guy J. Wells,* for plaintiffs.

*Adler, Pollock & Sheehan Incorporated, Peter Lawson Kennedy,* for defendant and third-party plaintiff, New England Motor Freight, Inc.

*Abatuno & Chisholm, Vincent J. Chisholm,* for third-party defendant, Emkay Chemical Co., Inc.