**359 A.2d 37.**

THE AMERICAN INSURANCE COMPANY *et al. vs.* AETNA LIFE INSURANCE COMPANY *et al.*

JUNE 18, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This litigation arises out of an automobile collision which occurred on May 18, 1966. One vehicle was operated by Antonio DeResta (DeResta) who at the time of the collision was performing duties referable to his employment; the other was operated by Francis Ouellette (Ouellette). Following the collision DeResta claimed and received benefits under The Workmen's Compensation Act from his employer's insurer, the American Insurance Company (American).

In addition to seeking compensation benefits, DeResta also made claim through Roger A. Nault (Nault), his personal attorney, against Ouellette's automobile liability insurers, Aetna Life Insurance Company and affiliates (Aetna). That claim was settled without suit for $6,700 and Aetna issued a draft dated January 16, 1967 in that amount. It was made payable through Hartford National Bank and Trust Company (Hartford) to DeResta, Attorney Nault, and Fireman's

520

Fund American Insurance Company (Fireman's).[1] Fireman's was named a copayee because pursuant to G. L. 1956 (1968 Reenactment) §28-35-58[2] it had acquired subrogation rights to the extent of the compensation payments made to De-Resta by American. That draft was endorsed by DeResta and by Nault both personally and in the following manner: "Fireman's Fund American Insurance Co. by Roger A. Nault, Attorney-third party claimant under W. C. Statute." While the question of Nault's authorization to endorse for Fireman's is open, there is apparently no dispute that the draft thus endorsed was presented for payment and was paid by Rhode Island Hospital Trust Company (Hospital); that it was ultimately presented for payment through banking channels to and was paid by Hartford which charged Aetna's

[1] The plaintiff, American, is one of a number of insurance companies doing business under the name of Fireman's Fund American Insurance Company. For purposes of this case an identity between the two can be assumed and reference to either shall apply equally to the other.

[2] General Laws 1956 (1968 Reenactment) §28-35-58 provides:

"Where the injury for which compensation is payable under chapters 29 to 38, inclusive, of this title, was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may take proceedings, both against that person to recover damages and against any person liable to pay compensation under said chapters for such compensation, but shall not be entitled to receive both damages and compensation; and if the employee has been paid compensation under said chapters, the person by whom the compensation was paid shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and to the extent such indemnity shall be subrogated to the rights of the employee to recover damages therefor; provided, however, that when money has been recovered either by judgment or by settlement by such employee from the person so liable to pay damages as aforesaid, by suit or settlement, and the employee is required to reimburse the person by whom the compensation was paid, the employee or his attorney shall be entitled to withhold from the amount to be reimbursed that proportion of the costs, witness expenses, and other out-of-pocket expenses and attorney fees which the amount which the employee is required to reimburse the person by whom compensation was paid bears to the amount recovered from the third party."

account; and that Fireman's did not in fact receive any part of that payment either from Nault or otherwise.

American, relying on its claim to subrogation under §28-35-58, seeks to recover the $1,590.52 in compensation benefits allegedly paid DeResta. While Aetna and DeResta agree that benefits were received, they insist that the record fails to disclose the exact amount paid. Two suits were instituted: one by American against Aetna and DeResta; the other by DeResta "for the use and benefit of" American and against Ouellette. These cases were consolidated for trial. Hospital was named a third-party defendant and named Hartford a fourth-party defendant. Nault's conservator was also named a third-party defendant. Additionally, there were both cross-claims and counterclaims, but the view we take of this case obviates any need for reference to them.

The cases were tried in the Superior Court without a jury and, while involving the several parties referred to, essentially concerned American's claim that Aetna should have deducted from the $6,700 paid in settlement of DeResta's third-party tortfeasor claim such amount as was necessary to satisfy its subrogation claim to the compensation benefits it had paid to DeResta. At the close of plaintiffs' case, defendants moved for dismissal under Super R. Civ. P. 41(b) (2). When their motion was granted, plaintiffs appealed.

Our difficulty in this case arises because the trial court's bench decision granting dismissal contains findings of only conclusional rather than basic facts. It therefore raises the question of whether it meets Super. R. Civ. P. 52(a)'s requirements that a trial court's decision on a motion to dismiss under Rule 41(b), no less than in actions tried upon the facts without a jury or with an advisory jury, "* * * shall find the facts specially and state separately its conclusions of law thereon * * *." In *Rowell* v. *Kaplan,* 103 R. I. 60, 235 A.2d 91 (1967), we said that to satisfy those requirements "does not demand discursive statements or

an extensive analysis of the evidence," and then we went on to say that "[f]indings, even though brief, will suffice if they are definite and pertinent, cover the factual issues which have relevance to the controlling legal questions, and dispose of the contested issues." *Id.* at 71, 235 A.2d at 97-98; *accord, Shoor-Elias Glass Co. v. Raymond Constr. Co.,* 114 R. I. 714, 715-16, 339 A.2d 250, 252 (1975). But a conclusion of ultimate fact without any subsidiary or basic findings of fact upon which that conclusion is based will not do. *Woods Constr. Co. v. Pool Constr. Co.,* 314 F.2d 405, 406 (10th Cir. 1963). This does not mean that we will insist upon strict compliance with the rule's requirements if a full understanding of the issue may be reached without the aid of separate findings. But it does mean that the facts must be sufficiently articulated by the trial justice to make possible an intelligent appellate review of his factual considerations and resulting legal conclusions. *S. M. S. Sales Co. v. New England Motor Freight, Inc.,* 112 R. I. 366, 310 A.2d 141 (1973); *Andoscia v. Douglas,* 107 R. I. 199, 266 A.2d 55 (1970). And whether in the final analysis a decision meets these standards must be gauged by the particular facts of the case at hand. 5A Moore, *Federal Practice* ¶52.05[1] at 2691 p. 9 (2d ed. 1975).

In this case a reading of the trial justice's one-page bench decision compels the conclusion that his findings are not stated sufficiently to indicate the factual bases for his ultimate conclusions. One need not read beyond the decision's first sentence for ample proof of this deficiency. There the trial justice said:

> "One, the Court finds that in pursuing these actions on behalf of Mr. DeResta Mr. Nault was acting not only for the behalf of Mr. DeResta but also was indirectly acting on behalf of the plaintiff corporation, and at least he was their agent."

This was his only reference to the agency issue, even though whether or not Nault was acting in that capacity

for American when he effectuated a settlement of DeResta's third-party tortfeasor claim against Ouellette and Aetna was critical to his decision. If Nault was an agent, then American obviously could not look to the defendants to satisfy its lien; and contrawise, of course, if no agency relationship existed. The parties agree this is so. But nothing in the trial justice's decision sheds even a glimmer of light on what record evidence there is to support that finding. Instead, it is conclusional, rather than factual, and inasmuch as it fails to make possible an intelligent appellate review, falls short of Rule 52(a)'s requirements.

In the circumstances the interests of justice will best be served if the case is remanded with directions to vacate the order of dismissal, reopen the case, take any additional competent evidence offered, if deemed necessary, and then to make adequate and sufficient findings of basic facts and conclusions of law. If at all possible, the case should be referred to the same trial justice who presided at the hearing we review.

It is so ORDERED.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh, James M. Micali,* for American Insurance Company.

*Hinckley, Allen, Salisbury & Parsons, Robert W. Lovegreen; Coffey, McGovern & Novogroski, Charles J. McGovern, Zimmerman, Roszkowski & Brenner, Joseph J. Roszkowski,* for defendants.