388 A.2d 14.

## THE AMERICAN INSURANCE COMPANY *v.* AETNA LIFE INSURANCE COMPANY *et al.*

## ANTONIO DERESTA FOR THE USE AND BENEFIT OF THE AMERICAN INSURANCE CO. *v.* FRANCIS O. OUELLETTE.

JULY 10, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

DORIS, J. This is a civil action by American Insurance Company (American)[1] to recover a workmen's compensation lien against Aetna Life Insurance Company (Aetna).

American had paid workmen's compensation benefits to Antonio DeResta (DeResta) as a result of an automobile accident which occurred during the course of his employment. Thereafter, DeResta made a claim against Francis O. Ouellette (Ouellette) for injuries incurred as a result of the accident. Aetna, the insurer of Ouellette, settled the claim with DeResta and his attorney, Roger A. Nault (Nault). The agreed amount of the settlement was $6,700 and a draft in that amount payable through Hartford National Bank and Trust Company (Hartford) was issued to DeResta, attorney Nault and Fireman's Fund American Insurance Company (Fireman's). The draft was issued because Fireman's had a compensation lien pursuant to G.L. 1956 (1968 Reenactment) §28-35-58. Thereafter, the draft was endorsed by both DeResta and Nault personally and "Fireman's Fund American Insurance Co. by Roger A. Nault, Attorney – third party claimant under W.C. Statute." The draft was paid by Hartford and charged to Aetna's account. Fireman's never received any part of the payment.

---

[1] The plaintiff, American, is one of a number of insurance companies doing business under the name of Fireman's Fund American Insurance Company. For purposes of this case an identity between the two can be assumed and reference to either shall apply equally to both.

This case was previously before this court on plaintiff's appeal from the granting of defendants' motion to dismiss at the close of plaintiff's case. *American Ins. Co. v. Aetna Life Ins. Co.*, 116 R.I. 518, 359 A.2d 37 (1976). At that time we vacated the order of dismissal and remanded the case to the Superior Court with directions.[2]

The trial court had dismissed plaintiff's action because it found that Nault, attorney for DeResta, was American's agent. In its opinion, this court noted that the issue of Nault's agency was critical to the decision of the trial justice. If Nault was an agent, then Aetna would have no legal obligation to satisfy American's lien; but if no agency relationship existed, then Aetna would be legally liable to satisfy American's lien.

At the remand hearing in Superior Court, none of the parties offered any additional evidence. The trial justice again found that at the time he made the settlement with Aetna, Nault was acting not only as an agent for his client DeResta, the employee, but also was acting as an agent for plaintiff, American. In his decision on remand, the trial justice stated as follows:

> "The transcript that was before the Supreme Court indicated clearly on the record that Mr. O'Brien was working on behalf of the plaintiff or plaintiff company and it knew that Roger Nault was attempting to recover against a third party tortfeasor. The record clearly indicates that in the suit against the third party tortfeasor that the plaintiff company was not represented by counsel. As a matter of law an injured employee cannot recover compensation and damages against a third party [tortfeasor] and retain both. He may sue the third party tortfeasor if there is an agreement between the comp. carrier and the injured employee to reimburse

---

[2]The case was remanded with directions "to vacate the order of dismissal, reopen the case, take any additional competent evidence offered, if deemed necessary, and then to make adequate and sufficient findings of basic facts and conclusions of law."

the comp. carrier. As a matter of law counsel for the plaintiff in the third party action against the defendant is entitled to be reimbursed for his services for the injured employee if there is a judgment or settlement. In addition thereto, he is entitled to recover a counsel fee for his services rendered in behalf of the comp. carrier if he is successful, and under those circumstances he is acting as an agent, as a matter of law, under the statute, and for these reasons the Court will dismiss the plaintiff's claim against the defendant."

It is clear that Nault had never been specifically retained as counsel by American in the settlement arrangement with Aetna. Testimony was presented that American knew that DeResta was represented by Nault on his third party claim and that American did not retain its own counsel to pursue any compensation lien. Further testimony showed that American was in contact with Aetna relative to the claim of DeResta. This testimony however is insufficient to establish that Nault was by implication the agent of American.

In his decision, the trial justice gave two reasons for his finding that Nault was acting as an agent for American at the time he made the settlement with Aetna. First, because the record indicated that Mr. O'Brien, an employee of American, knew that Nault was attempting to settle the claim of DeResta and that American did not retain its own counsel but allowed Nault to do the work. Second, that since §28-35-58 authorizes the employee to retain counsel and recover a payment which includes the compensation lien from a third party tortfeasor and gives said counsel a right to collect a fee from the compensation carrier for the work done in collecting the compensation lien that such counsel is also an agent of the compensation carrier as a matter of law. There is nothing in the record to indicate that Nault was ever authorized to endorse checks on behalf of American. If agency is to be established at all, it must exist by implication. No implied agency or agency by estoppel was established

because there was no evidence indicating that Nault committed acts of such a continuous character as to justify a reasonable inference that American had knowledge of and acquiesced in Nault's representation as its agent. *See Walmac Co.* v. *Zurich Ins. Co.*, 114 R.I. 410, 333 A.2d 686 (1975); *Furlong* v. *Donhals, Inc.*, 87 R.I. 46, 137 A.2d 734 (1958). The evidence produced falls far short of establishing by implication that Nault was the agent of American.

The trial justice also found that Nault is American's agent as a matter of law because §28-35-58 permitted Nault to withhold an attorney's fee from American on its portion of the draft.

The pertinent provisions of §28-35-58 reads as follows:

> "provided, however, that when money has been recovered either by judgment or by settlement by such employee from the person so liable to pay damages as aforesaid, by suit or settlement, and the employee is required to reimburse the person by whom the compensation was paid, the employee or his attorney shall be entitled to withhold from from the amount to be reimbursed that proportion of the costs, witness expenses, and other out-of-pocket expenses and attorney fees which the amount which the employee is required to reimburse the person by whom compensation was paid bears to the amount recovered from the third party."

While the statute entitled DeResta and Nault to deduct from any payment to American costs, witness fees and other out-of-pocket expenses and attorney's fees, it did not vest Nault with any authority to compromise American's compensation lien or to endorse the settlement draft for the full amount of the lien on American's behalf. To conclude that Nault was American's agent as a matter of law is therefore error. In order to conclude that Nault was American's agent vested with authority to settle the lien or to endorse the draft,

the record must contain evidence showing that either American actually authorized Nault to compromise the lien as part of the overall settlement or that Nault committed acts of such a continuous nature as to permit Aetna to infer Nault's agency. The record does not contain any such evidence.

We now proceed to determine whether American proved a compensation lien in the amount of $1,590.52. The only evidence in the record is the uncontradicted testimony of Mr. O'Brien, who testified that American paid to DeResta $1,050.52 in medical payments and $540 in weekly compensation benefits for a total of $1,590.52. Aetna agreed at the trial that compensation benefits had been paid by American. DeResta admitted that he had been paid the stated amount in his answer to American's complaint. The amount of $1,590.52 paid by American to DeResta under the provisions of the Workmen's Compensation Act is unimpeached by other positive evidence. The judgment should therefore be for the plaintiff in the amount of $1,590.52.

The plaintiff's appeal is sustained. The judgment appealed from is vacated and the case is remanded to the Superior Court with direction to enter judgment for the plaintiff in the amount of $1,590.52.

*Higgins, Cavanagh & Cooney, Kenneth P. Borden,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Robert W. Lovegreen,* for defendant.