COMMERCIAL UNION COMPANIES

v.

Doris A. GRAHAM.

82–257–Appeal.

Supreme Court of Rhode Island.

July 3, 1985.

Reargument Denied Aug. 2, 1985.

Carol A. Zangari/Paul A. Anderson (Anderson Henning & Anderson) Providence, for plaintiff.

Bradford Gorham (Gorham & Gorham), Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the defendant, Doris A. Graham, from a judgment in the Superior Court granting Commercial Union Companies' motion for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure.

Commercial Union (plaintiff) filed a complaint in Providence County Superior Court, seeking reimbursement of workers' compensation benefits it had paid to defendant pursuant to its subrogation rights under G.L.1956 (1979 Reenactment) § 28-35-58.[1]

A reading of the record in the light most favorable to defendant reveals the following facts. The defendant was the wife and sole dependent of William J. Graham. During a lifetime of working in the asbestos industry for several employers, William Graham contacted asbestosis. He died as a result of this disease. As the dependent of the decedent, defendant received workers' compensation benefits in the amount of $31,764 from plaintiff, through Brand Insulation, Inc., William Graham's last employer. Thereafter, defendant herein brought an action in the United States District Court for the District of Rhode Island against several asbestos suppliers and asbestos container manufacturers, alleging that their negligence was responsible for the death of her husband. The suit was settled prior to trial, and a portion of the settlement amounting to $31,764 was placed in an escrow account pending a legal determination of the subrogation rights of plaintiff.

Shortly after this suit was commenced, defendant filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim for which relief could be granted. The motion was denied by a justice of the Superior Court. Thereafter, plaintiff moved for summary judgment. No affidavits were filed, but after reviewing the pleadings and the response to requests for admissions, the trial justice granted plaintiff's motion for summary judgment.

The defendant on appeal raises several issues including (1) whether the trial justice erred in granting the motion for summary judgment because genuine issues of material fact remain to be resolved; (2) whether the failure of the parties to execute an agreement bars plaintiff's claim; (3) whether this suit could be brought against defendant in light of our opinion in *Fireman's Fund Insurance Co. v. Lubash*, 95 R.I. 311, 186 A.2d 722 (1962); and (4) whether defendant is entitled to deduct attorney's fees and expenses from the money due plaintiff.

1. General Laws 1956 (1979 Reenactment) § 28-35-58 reads in pertinent part:

    **"Liability of third person for damages.—**
    Where the injury for which compensation is payable under chapters 29 to 38, inclusive, of this title, was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may take proceedings, both against that person to recover damages and against any person liable to pay compensation under said chapters for such compensation, but shall not be entitled to receive both damages and compensation; and if the employee has been paid compensation under said chapters, the person by whom the compensation was paid shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and to the extent of such indemnity shall be subrogated to the rights of the employee to recover damages therefor."

## I

The defendant contends that summary judgment was inappropriate in this case because there are genuine issues of material fact to be decided and plaintiff was not entitled to judgment as a matter of law. The plaintiff contends that the factual issues raised by defendant are not material and that furthermore, as a matter of law, they are entitled to judgment.

In deciding on a motion for summary judgment, we must keep in mind that the granting of such a motion is a drastic remedy that should be cautiously applied. The trial justice conducts an examination of the pleadings, affidavits, admissions, answers to interrogatories, and other appropriate evidence in a light most favorable to the party opposing the motion. *Steinberg v. State*, — R.I. —, —, 427 A.2d 338, 340 (1981); *Hodge v. Osteopathic General Hospital of Rhode Island*, 107 R.I. 135, 142, 265 A.2d 733, 737 (1970). If after the submission of the appropriate evidence there is an actual dispute about the facts, then a genuine issue of material fact exists that cannot be resolved by a motion for summary judgment. *See Lennon v. MacGregor*, — R.I. —, —, 423 A.2d 820, 822 (1980). However, where "there is no genuine issue as to any material facts, and the moving party is entitled to judgment as a matter of law, summary judgment properly issues." *Ardente v. Horan*, 117 R.I. 254, 257, 366 A.2d 162, 164 (1976).

On review, we apply the same standards. This court must test such a finding in a light most favorable to the opposing party. *Julian v. Zayre Corp.*, 120 R.I. 494, 497, 388 A.2d 813, 815 (1978); *Russo v. Cedrone*, 118 R.I. 549, 555, 375 A.2d 906, 909 (1977).

Section 28–35–58 grants to a compensation carrier the right to seek reimbursement when an employee has received benefits under the Workers' Compensation Act and has also recovered damages for the same injury. In this case defendant had admitted that compensation benefits were paid and that damages were collected in a settlement with the asbestos suppliers and manufacturers. Therefore, there was no dispute concerning the facts, and plaintiff was entitled to summary judgment as a matter of law.

## II

The defendant claims that this action cannot be maintained, however, without proof of an agreement between plaintiff and defendant to pay reimbursement out of any recovery against third parties. In *Colarusso v. Mills*, 99 R.I. 409, 208 A.2d 381 (1965), we held that an employee can bring suit against a wrongdoer for damages only after the employee has agreed "to reimburse his employer for the compensation received out of any recovery he may obtain in his suit for damages or if the employer has refused so to agree." *Id.* at 417, 208 A.2d at 386. The purpose of the agreement, like the statute, is to ensure "full recovery to an injured party without at the same time subjecting the wrongdoer to being held liable twice for the same tortious conduct." *Id.* at 416, 208 A.2d at 385. In *Brimbau v. Ausdale Equipment Rental Corp.*, 119 R.I. 14, 376 A.2d 1058 (1977), we reiterated the need for a reimbursement agreement:

> "The reason for requiring such action on the part of the one who has paid compensation is to protect the third-party tortfeasor. This protection is necessary because the carrier who pays compensation is subrogated to that extent to the injured employee's right of action against the tortfeasor. Unless the carrier consented to be repaid by the injured employee out of any tort recovery, this right of subrogation would persist. A tortfeasor who paid the injured employee in full would still be subject to suit by the carrier, on the basis of its subrogated rights, to recover any compensation payments previously made to the employee." *Id.* at 21, 376 A.2d at 1062.

The escrow account was established between defendant herein and the alleged

tortfeasors for the purpose of protecting the tortfeasor from twice being held liable for the same tortious conduct.[2] It is our opinion that because the escrow account serves the same purpose and policy of a reimbursement agreement, it satisfies the agreement requirement.

### III

■ The defendant next contends that plaintiff cannot maintain this action because of the holding of this court in *Fireman's Fund Insurance Co. v. Lubash*, 95 R.I. 311, 186 A.2d 722 (1962). In *Lubash* this court strictly construed the statutory language that provides that the compensation carrier shall be entitled to indemnity "from *the person so liable to pay damages.*" (Emphasis added.) In light of this language, the court held that the compensation carrier had no right of action against an employee once damages are paid over to the employee. *Id.* at 314, 186 A.2d at 724. The facts in this case are distinguishable from *Lubash.* Here, the disputed amount was placed in the escrow account to be held by defendant's attorney pending a determination of the rights of plaintiff herein. The amount in the escrow account is equal to the amount that was paid by plaintiff to defendant in the form of compensation benefits. The recovery by plaintiff of the sum in the escrow account is, in our judgment, not a recovery from the employee, but a recovery from the tortfeasors, the persons so liable to pay. *See Matteson v. Travelers Insurance Co.,* 738 F.2d 619 (1st Cir.1984). An escrow account is an eminently suitable device to use in this situation. It protects the third-party tortfeasors from being exposed to double liability, makes funds available for reimbursement to the workers'

compensation carrier, and aids in implementing the strong policy expressed in the statute against double recovery to the employee.

### IV

Finally, we address defendant's contention that she is entitled to deduct attorney's fees and expenses from the money due to plaintiff. The pertinent provisions of § 28–35–58 reads as follows:

"[P]rovided, however, that when money has been recovered either by judgment or by settlement by such employee from the person so liable to pay damages as aforesaid, by suit or settlement, and the employee is required to reimburse the person by whom the compensation was paid, the employee or his attorney shall be entitled to withhold from the amount to be reimbursed that proportion of the costs, witness expenses, and other out-of-pocket expenses and attorney fees which the amount which the employee is required to reimburse the person by whom compensation was paid bears to the amount recovered from the third party."

■ The statute contemplates that the employee's attorney would be reimbursed for the services that he renders and expenses that he incurs in recovering compensation originally paid out as benefits by the workers' compensation carrier. In this regard and for this limited purpose, the employee's attorney acts on behalf of the compensation carrier. *See American Insurance Co. v. Aetna Life Insurance Co.,* 120 R.I. 441, 445, 388 A.2d 14, 17 (1978). However, when an employee's attorney follows a course of conduct that is contrary to the

---

**2.** The defendant contends that the existence of the escrow account is not established as an undisputed fact on the record. We disagree. The record before the trial justice was replete with references to the escrow account. It is settled in this jurisdiction that a party "may not save his evidence until the day of trial." *Gallo v. National Nursing Homes Inc.,* 106 R.I. 485, 488, 261 A.2d 19, 21 (1970). When a motion for summary judgment is made and supported,

Rule 56(e) of the Superior Court Rules of Civil Procedure provides that the adverse party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in the rule, must set forth specific facts showing that there is a genuine issue for trial."

In any event, defendant has admitted the existence of the escrow account in her brief and in oral argument before this court.

interest of the compensation carrier, as in this case, we are of the opinion that the attorney waives his right to expenses and fees. The benefits that would normally accrue to the compensation carrier because of the efforts of the employee's attorney have been nullified by the attorney's conduct in precipitating significant subsequent action by the carrier to recover the money due it.

The defendant raises several other claims of error. Although we do not discuss them, they have been examined by the court and found to be without merit.

For the reasons stated, the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.