James J. FITZPATRICK,

v.

Captain Edward D. PARE et al.

No. 87–227–M.P.

Supreme Court of Rhode Island.

Jan. 17, 1989.

Harry Hoopis, Hawkins & Hoopis, Providence, for plaintiff.

George J. Grossi, Johnston, for defendant.

## OPINION

MURRAY, Justice.

This case comes before us on a petition for writ of certiorari. The petitioner, Edward D. Pare, in his capacity as deputy director of the State Division of Motor Vehicles, seeks review of a District Court order permanently enjoining the State Department of Transportation from suspending the respondent's license and registration and ruling that the department's pre-hearing suspensions in this regard were unconstitutional.

A cursory review of the pertinent facts will suffice for the purposes of our decision. On May 12, 1984, respondent James J. Fitzpatrick, while traveling westbound in the high-speed lane of Interstate 195 in his automobile, struck the rear of a vehicle owned and operated by Kevin P. Grant, injuring a passenger in Grant's car. Fitzpatrick allegedly fled the scene of the accident and was subsequently charged with violating G.L.1956 (1982 Reenactment) §§ 31–26–1 and 31–26–3. Sections 31–26–1 and 31–26–3 generally require that a driver involved in an automobile accident resulting in personal injury stop, provide certain information to the occupants of the other vehicle or vehicles, and render reasonable assistance.

On July 12, 1984, the Department of Transportation, acting under authority vested in G.L.1956 (1982 Reenactment) § 31–11–7(a)(2), as amended by P.L.1983, ch. 229, § 1, suspended Fitzpatrick's license and registration for one year, effective July 23, 1984. Section 31–11–7(a)(2) permits the Registry of Motor Vehicles to suspend the license of an operator without a preliminary hearing if the driver has been involved in an accident resulting in death or injury of another. Fitzpatrick then requested and later received a postsuspension hearing pursuant to § 31–11–7(b) and was further granted a stay of the suspension order pending the results of this hearing.

On August 10, 1984, the office of operator control, a division of the Department of Transportation, conducted the postsuspension administrative hearing, making factual findings and ruling on the validity of the suspension. In a report dated August 23, 1984, the hearing officer concluded that Fitzpatrick had operated the motor vehicle that substantially caused the accident and resulted in the personal injury of another. Consequently the Division of Motor Vehicles upheld the original suspension order in a decision issued on August 30, 1984. At the time of the hearing, there was no Superior Court adjudication of any criminal

charges against Fitzpatrick relating to the accident.

The respondent then appealed to the Sixth Division District Court and obtained a stay of the suspension order pending judicial review. After certification of the record to the court and submission of legal memoranda, the District Court permanently enjoined the Department of Transportation from suspending Fitzpatrick's license and registration. The District Court's findings consisted solely of the following abridged one-page order.

> "ORDERED AND ADJUDGED
>
> That the suspension of the license and registration of the Plaintiff * * * was in violation of 'due process' and 'equal protection' provisions of the Constitution of the United States and that the Defendant is permanently enjoined from suspending or revoking the operator's license and motor vehicle registration of the Plaintiff."

The petitioner claims that the District Court improperly exceeded its limited scope of review in agency appeals by reversing Fitzpatrick's suspension. Alternatively, petitioner argues, the District Court incorrectly concluded that the department's suspension action violated Fitzpatrick's due-process and equal-protection rights under the United States Constitution.

We are unable to reach the merits of the petitioner's contentions. The District Court's decision, although entirely appropriate under the District Court Rules of Civil Procedure, is devoid of any supportive reasoning. Essentially the District Court failed to articulate adequately the factual foundations and legal reasoning underlying its decision, making intelligent appellate review impossible. *See generally Eagle Electric Co. v. Raymond Construction Co.*, 420 A.2d 60 (R.I.1980) (remand directing Superior Court to make sufficient findings of fact and conclusions of law); *American Insurance Co. v. Aetna Life Insurance Co.*, 116 R.I. 518, 359 A.2d 37 (1976) (conclusional rather than factual trial-court decision remanded for rehearing). In es-

sence, there is no reviewable record upon which this court may act.

For this reason the case is remanded to the District Court for a rehearing with directions that the trial justice who heard the case create a record and state the factual and legal determinations supportive of his decision.