[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter came on to be heard on August 23, 1993 on the defendant Tilcon Gammino's Motion for Summary Judgment. Decision was reserved, pending submission of the general contract documents for review by the Court. The Court has received and reviewed the general contract.
Our Supreme Court has repeatedly cautioned that disposition of a litigant's claim by means of summary judgment is a drastic remedy and should only be employed when the pleadings, affidavits, depositions and other documentary matter in the case file discloses to the Court that the moving party is entitled to judgment as a matter of law and that there are no genuine issues of material fact to be resolved by the fact finder. Palmiscianov. Burrillville Racing Association, 603 A.2d 317, 320 (R.I. 1992); McPhillips v. Zayre Corp., 582 A.2d 747, 749 (1990). In its review of the above noted case documents the Court must examine such in the light most favorable to the party opposing the motion. O'Hara v. John Hancock Mutual Life Insurance Co.,574 A.2d 135 (R.I. 1990). On the motion, the Court searches for genuine issues of material fact but cannot determine them, once found. Commercial Union Company v. Graham, 495 A.2d 243, 245 (R.I. 1985); Saltzman v. Atlantic Realty Co., 434 A.2d 1343, 1345 (R.I. 1981).
In this case, it appears from the file that on November 20, 1987 shortly after 5:00 p.m. the plaintiff was driving a motor vehicle on Boston Neck Road in the Town of Narragansett and when at the intersection of that road with Bonnett Shores Road she suddenly discovered a person walking in the roadway. She turned her vehicle, quickly, to avoid the pedestrian, and in so doing, her automobile hit some curbing causing it to rollover. She claims injuries as a result thereof. She also claims that the reason for her inability to see the pedestrian until she was directly in front of her vehicle was because of the absence or failure of street lighting in the intersection. That failure or absence of street lighting she alleges was a proximate cause of her sudden maneuver, and the rollover of her vehicle.
The case file indicates that at the time of the incident the defendant Tilcon Gammino was doing extensive road construction work at the site.
It appears from the case file that the primary party responsible for the maintenance and inspection of the street lighting and lighting facilities at the scene was the Town of Narragansett. If the Town, in the performance of that duty discovered or learned of any light failure, its obligation was to notify the Narragansett Electric Company of such failure, and upon such notification, the Narragansett Electric Company was obligated to make the necessary repair or replacement. That duty — obligation has previously been determined by another Justice of this Court in granting Summary Judgment in favor of Narragansett Electric Company, on the ground that Narragansett Electric had at no time prior to the plaintiff's incident been notified of any lighting failure or problem.
In this Motion for Summary Judgment, the first inquiry for this Court to undertake is to determine from the case file and from the general contract between the State of Rhode Island and Tilcon Gammino, Inc. whether or not under the terms and provisions of that road construction contract there was imposed upon Tilcon Gammino any duty with regard to the lighting; maintenance of lighting, etc. in the construction area. Next, if such a duty is found to exist, then the Court must next determine if that duty was owed to the plaintiff as a member of the general motoring public while the highway in question was under construction or repair by Tilcon Gammino, Inc.
It appears to the Court that by virtue of the contract language contained in Addendum No. 1, R-1, A-2 and on pages GS-15a; GS-4 and GS-1 that Tilcon Gammino was obligated to coordinate and facilitate the highway public utility work for the maintenance and protection of traffic over the construction area.
Whether or not that duty encompasses the full spectrum of responsibility as contended by the plaintiff is not for this Court, on this motion, to decide. All that this Court is permitted to do is find the duty and not to determine it.Industrial National Bank v. Peloso, 121 R.I. 305, 307 (1979). That determination raises a genuine issue of material fact to be considered by the fact finder, in this case, the jury.
Accordingly, the defendant's Motion for Summary Judgment is denied.