DECISION
Before the Court are defendants, State of Rhode Island and Central New England Camp Fire Girls Council, Inc. (the "New England Council"), motions for summary judgment pursuant to R.C.P. 56. The Court has jurisdiction pursuant G.L. 1956 (1988 Reenactment) § 18-4-1.
Facts/Travel
The case file indicates that on October 6, 1987, the testatrix, Emma Conca, executed her Last Will and Testament, thereby revoking all prior wills and codicils. The will provided that after payment of all expenses of her estate, the residuary shall be divided among five charitable organizations and one named individual. Of these legatees, the will directed payment of "Fifteen percent (15%) to Narragansett Council of Camp Fire Girls Incorporated, as a fund to be used by it for camping equipment and recreational equipment used at Camp Wohelo, in the Town of Westerly, Rhode Island."
On November 25, 1987, Ms. Conca died. Subsequent to her death, but prior to any distribution of the assets of the estate, the Narragansett Council dissolved and was acquired by the New England Council. On October 26, 1992, the executor of Ms. Conca's estate filed this action seeking a declaratory judgment as to who should receive the funds originally bequeathed to the Narragansett Council.
Summary Judgment Standard
Summary judgment is a drastic remedy that should be cautiously applied. McPhillips v. Zayre Corp., 582 A.2d 747, 749 (R.I. 1990); Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). Summary judgment should be issued when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Alfano v. Landers, 585 A.2d 651, 652 (R.I. 1991).
In passing on a motion for summary judgment, the trial justice must review the pleadings and affidavits in a light most favorable to the party opposing the motion. McPhillips, 582 A.2d at 749; O'Hara v. John Hancock Mutual Life Insurance Co.,574 A.2d 135 (R.I. 1990). On the motion, the Court searches for genuine issues of material fact but cannot determine them, once found. Commercial Union Company v. Graham, 495 A.2d 243, 245 (R.I. 1985); Saltzman v. Atlantic Realty Co., 434 A.2d 1343, 1345 (R.I. 1981). Summary judgment is particularly inappropriate in cases involving issues of intent. D.T.P., Inc. v. Red BridgeProperties, Inc., 576 A.2d 1377 (R.I. 1990).
The Intent of the Testatrix
The defendants argue that the funds originally bequeathed to the Narragansett Council should be distributed in accordance with the doctrine of cy pres. In support thereof, the defendants argue that Ms. Conca's dominant intent in creating the charitable bequest was general rather than specific in nature.
Where there is in provision in the terms of a will with respect to the possible failure of a charitable identity to which the property is to be devoted, and the identity fails, the question then arises as to whether the bequest should fail altogether or whether the doctrine of cy pres should be applied. Scott on Trust § 399-2 at 499. The cy pres doctrine is codified in G.L. 1956 (1988 Reenactment) § 18-4-1 and provides in part:
 In all cases of charitable gifts of real or personal estate, whether by deed or will, where the purposes of the donor cannot be literally carried into effect, a complaint may be filed for a cy pres application of the trust property; and thereupon all proceedings, orders, and decrees shall be had and taken in the suit, to carry out the intent of the donor as near as may be, . . . .
"A necessary prerequisite to an application of cy pres is a determination that the dominant intent of the person or persons creating the charitable [bequest] was general rather than specific in nature. Nugent v. Saint Dunstan's College of SacredMusic, 113 R.I. 666, 670, 324 A.2d 654, 656 (1974) (citingIndustrial Nat'l Bank v. Guiteras, 107 R.I. 379, 387,267 A.2d 706, 711 (1970); Industrial Nat'l Bank v. Gloster Manton FreePublic Library, 107 R.I. 161, 165-166, 265 A.2d 724, 727 (1970);City of Providence v. Powers, 83 R.I. 512, 516, 130 A.2d 811, 813 (1956)). Where it appears that the testatrix intended that the gift should be applied only for the benefit of a particular association or corporation that was dissolved, it has been held that the doctrine of cy pres is not applicable and the gift reverts to the estate. Gladding v. St. Matthew's Church,25 R.I. 628, 57 A. 860 (1904); Connecticut Bank Trust Co. v. Coles,150 Conn. 569, 192 A.2d 202 (1963); Board of Selectmen ofProvincetown v. Attorney General, Mass. App. Ct. 639,447 N.E.2d 677 (1983); Scott on Trusts § 399.3 at 521.
It is seldom, however, that the testatrix' intention can be definitely analyzed and divided into a specific or general intention. Scott on Trusts, § 399.2 at 490. The difficulty in cases such as this is one of construction. Gladding, 25 R.I. at 636, 57 A. at 864. In aid of that construction, provisions of the will itself and extrinsic evidence may properly be considered by the Court. Guiteras, 107 R.I. at 387, 267 A.2d at 711. Testimony with regard to the testatrix' family, her finances, her background, and her particular interests will ordinarily be received. Bogart,Trusts and Trustees § 437 at 142.
The Attorney General correctly points out that distribution of all or a large part of the residuary estate is evidence of a general intent. See, e.g., R.I. Hospital Trust Co. v. Williams,50 R.I. 385 (1925); Hartford National Bank Trust Co. v. OakBluffs First Baptist Church, 116 Conn. 347, 164 A. 910 (1933). This observation alone, however, does not support a summary determination that the bequest in question demonstrates a general charitable intent. Moreover, the executor and drafter of the will, Mr. Penza, testified at his deposition that it was his understanding that Ms. Conca focused on the charity as opposed to the purpose of the bequest. This testimony indicates that the dominant intent was specific rather than general. Such conflicting evidence raises a genuine issue of material fact to be considered by the factfinder along with all other admissible evidence. Accordingly, the defendants' motions for summary judgment must be and is denied.